JUNE TERM, 1878, No. 60.              FEBRUARY 20, 1880.

## ' Girard's Appeal.*

1. The heirs of Stephen Girard are now concluded by the decree of the United States Court in the case of *Vidal v. Girard's Executors*, 2 Howard, S. C. 127, in which the validity of the trusts of the will were established.

2. It matters not that grounds are now taken and arguments brought forward which were not presented and passed upon in that case.

3. If meant to be relied upon, they should have been then presented.

4. If the trusts are invalid now they were invalid then, and nothing which has occurred since can affect the question.

5. Whether the trustees rightly construe the provisions of the will or are rightly administering them, are questions which do not affect their validity.

6. If it be true that the city has relinquished the trust to the board of city trusts, it does not avail the heirs-at-law of the testator.

7. The directors of the city trusts are a department of the municipality, which the Legislature has a constitutional right to establish.

8. A man who constitutes such a municipality his trustee does so subject to all the changes which the sovereign power may make in its character and organization.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, and STERRETT, JJ.

Appeal of John F. Girard and others from a decree of the Court of Common Pleas, No. 3, of *Philadelphia County*, entering judgment against them on demurrer to a bill in equity, in which John F. Girard, Margaret P. Lardy, Fabricius Devars Dumaine, Palmyre Devars Dumaine, Marie Celeste Girard De Roux, Marie M. Henriette Girard, Ellen E. Girard, in her own right, and as widow and devisee, Jean Auguste Girard, deceased, Alfred DeLentilhac and Anne Stephanie DeLentilhac, his wife in right of his said wife, Elizabeth Hemphill, Emanuel Ray, and Virginia, his wife, in right of his said wife, Caroline G. Hunsworth, and Henriette G. Clark were plaintiffs, and The City of Philadelphia, and Henry M. Phillips, George L. Harrison, Alexander Biddle, James Campbell, J. L. Claghorn, Charles H. T. Collis, Gustavus S. Benson, William B. Mann, J. H. Michener, George H. Stuart, Louis Wagner, William H. Drayton, William S. Stokley, Joseph L. Caven, and George A. Smith, consti-

* This case, argued and determined at a time prior to the period of these reports, is not elsewhere reported, and is here inserted by request, based upon its importance to the city of Philadelphia.

[Girard's Appeal.]

tuting the Board of Directors of City Trusts, were defendants.

The bill set forth that Stephen Girard, late of Philadelphia, died December 26, 1831.

II. That plaintiffs are all his next of kin and present heirs-at-law, of whom seven are citizens of the Republic of France, and seven are citizens of the State of Pennsylvania and residents of the city of Philadelphia.

III. That Stephen Girard, in and by his last will and testament, and the codicils thereto, after sundry private bequests in the first nineteen clauses thereof, did, in and by the twentieth, twenty-first, twenty-second, twenty-third, and twenty-fourth clauses thereof, and the codicils thereto, give, devise, and bequeath all the residue and remainder of his real and personal estate of every sort and kind whatsoever, unto the mayor, aldermen, and citizens of Philadelphia, their successors and assigns, in trust for the maintenance of such a number of orphans as can be maintained in one institution, and for the welfare of the city of Philadelphia as the joint objects of said trust; and in and by his said will and the codicils thereto he gave specific instructions as to the number and extent of said buildings and the number of orphans that should be maintained therein, and did therein limit the number and extent of said buildings to one college building of the specific dimensions therein given, and to such a number of other buildings as should be necessary for the support and maintenance of such a number of orphans as can be instructed in one college building of the specified extent.  And he did further direct that the sum of $2,000,000, part of the residue of his personal estate, should be applied to the erection of the said college building and the necessary buildings and outfit therefor, and that the income from the remainder of said $2,000,000 should be expended in maintaining and instructing such a number of orphans as the said buildings should be adequate to.

IV. And in and by his said will he did direct as to his real estate, that so far as regards that part of it situated in the State of Pennsylvania, that no part thereof shall ever be sold or alienated by the mayor, aldermen, and citizens of Philadelphia, or their successors, but that the same shall forever thereafter be let from time to time upon leases in possession not exceeding five years, and that as to that portion thereof situate outside of the city and liberties of Philadelphia, that the rents, issues, and profits thereof shall be applied towards keeping that part

of the real estate in the city and liberties of Philadelphia constantly in good repair (parts elsewhere situate to be kept in repair by the tenants thereof respectively) and towards improving the same whenever necessary, by erecting new buildings, and that the net residue (after paying certain annuities therein provided for) should be applied to the same uses and purposes declared of, and concerning the residue of his personal estate, and as to the said residue of his personal estate, after a specific devise of $500,000, part of the residue of his personal estate in trust for the purpose of improving the Delaware river front, and a specific devise of the sum of $300,000, part of the said residue of his personal estate, to be paid to the Commonwealth of Pennsylvania on certain condition, he did direct that the remainder of the residue of his personal estate should be invested in good securities, and in like manner the interest and income should be invested so that the whole should form a "permanent fund," and the income of said fund should be applied yearly, and every year, as follows:

*First.* To the further improvement and maintenance of said college in the manner specified in his will.

*Second.* To enable the city of Philadelphia, more effectually than they now do, to provide for the security of the persons and property of the inhabitants by a competent police.

*Third.* To enable the said city of Philadelphia to improve the city itself, and in effect to diminish the burden of taxation, to all which objects he did devote the fund, "after providing for the college," as his "primary object;" and he did further direct that in case the said city of Philadelphia should knowingly violate any of the provisions of his said will, that the said residue of his personal estate, shall be forfeited to the Commonwealth of Pennsylvania for the purposes of internal navigation; and in case of said Commonwealth failing to apply the same to this purpose, he gives, devises, and bequeaths the same to the United States of America, for the purposes of internal navigation, and to no other; and your orators aver that the devise above stated to the said municipal uses of improving the police and property of the city and its general appearance, and to diminish the burdens of taxation, either in the now-existing consolidated city, or in that part thereof which was late the city, are absolutely void as against the policy of the law of this Commonwealth, as well as for the indefiniteness and uncertainty and impossibility of application; and there

is not now, nor has there ever been, any lawful or valid use for the income of said "permanent fund" other than for the purposes of the said college.

V. And as to his real estate in the city and liberties of Philadelphia, he did give, devise, and bequeath the same unto the mayor, aldermen, and citizens of Philadelphia and their successors in trust, that no part thereof should ever be sold or alienated, and that the rents, issues, and profits thereof should be expressly set apart, and forever reserved as a "final residuary fund," for the maintenance of said college, upon two contingencies only, viz: In case of the forfeiture of said "permanent fund" to the Commonwealth of Pennsylvania, as above set forth in paragraph four, or, in the event of the income from the said "permanent fund" being insufficient for the support and maintenance of the said college, and to no other limitation, use, or purpose whatever.

VI. That the name of said corporation, the "mayor, aldermen, and citizens of Philadelphia," has since been duly changed to "the city of Philadelphia," one of the defendants above-named; and the said defendant, the "city of Philadelphia," is now, and for a long time past has been, in possession of the real and personal estate so devised as aforesaid, under the residuary clauses of the said will of the said testator, and has been, and still is, in the receipt and enjoyment of the income and profits thereof, nominally, as trustees under the will of said testator, of all the rest, residue, and remainder of his estate, and as such, from the decease of the said testator until the present time, the said trustees have had the care and charge of the said residuary estate, both real and personal.

VII. That by an act of the General Assembly of the Commonwealth of Pennsylvania, it was enacted that from and after the 1st day of July, 1869, next, all duties, rights, and powers of the "city of Philadelphia," concerning all property and estates dedicated to charitable uses or trusts, the charge or administration of which are confided to the "city of Philadelphia," shall be discharged by the said city through the instrumentality of a board composed of fifteen persons, including the mayor of said city, the presidents of the select and common councils for the time being, and twelve other citizens, appointed as therein provided, to be called the "directors of city trusts."

VIII. And under and by virtue of the provisions of said act, William Welsh *et al.* took upon themselves the rights and duties of directors of city trusts, and had

and still have and exercise, as hereinafter stated, full control over the said trust estate of said testator.   George L. Harrison *et al.* defendants, constitute the present board of directors of city trusts.

IX.  Your orators aver that the said college and necessary buildings have long been built, and furnished to the full extent designed and designated in the said will of the said testator, and that after deducting the $2,000,000 expressly set apart for said college, and the said sums of $500,000 and $300,000 expressly devised for the aforesaid purposes, (of the improvement of the Delaware front, and for the Commonwealth of Pennsylvania,) from the said residue of the personal estate of said testator, that the remainder of the said residue of the personal estate, and the net residue of the rents and profits of the real estate in the State of Pennsylvania, outside of the said city and liberties of Philadelphia, (now the city of Philadelphia,) the income from which two sources form the said "permanent fund," devoted by the said testator to the support of said college, as his "primary object," is and always has been more than sufficient for the support and maintenance of said college, and the maintenance and education of the orphans therein to the full extent designated by the said testator, under the terms of his will and codicils thereto ; that there is no other lawful purpose or use, under the terms of said will of testator, for the said income of said "permanent fund" than the support and maintenance of said college and orphans as aforesaid ; and that the surplus income of said "permanent fund," over and above the amount actually expended for the support and maintenance of said college, and which has accrued yearly, and every year since the opening of said college, in the year 1848, has largely increased the said "permanent fund," and the same will continue to increase from year to year hereafter, if the income is applied only to the lawful purposes of said will.

X.  Your orators further are advised and aver that the devise of the real estate of the said testator in the city and liberties (now the city) of Philadelphia, and of the rents, issues, and profits thereof, under the said clauses of said will, as set forth in paragraph fifth, is unlawful and void as a devise in perpetuity, and has never vested in the said city of Philadelphia for the uses and trusts declared of and concerning the same, and although it has been, since 1848, impossible that the contingency of the said permanent fund being forfeited could ever occur, the same has been and is, since that time, wrongfully held

and possessed by the said defendants.   And your orators are entitled to have and possess the said real estate as the next of kin and heirs at-law of said Stephen Girard, deceased, together with the rents, issues and profits thereof.

XII.  Your orators further aver that no part or portion of the said net income from the said real estate in the said city of Philadelphia, so devised and designated by the said testator as the "final residuary fund," as aforesaid, has ever been required for, nor lawfully nor rightfully used or applied to the support or maintenance of said college ; but the same has been wrongfully and willfully blended and mixed with the surplus income from the said "permanent fund" from time to time, and invested in securities and improvements of the said real estate in the city of Philadelphia, contrary to and in violation of the express directions of the said will of said testator ; and the particular securities and the properties so improved are known only to the said defendants, the city of Philadelphia, and the said directors of city trusts, who have, as your orators aver and charge, published yearly statements of the receipts and expenditures of the said estate of said testator in apparent fulfillment of the directions of said will, but contained in such form and manner as to blend and mix the income from the said "permanent fund" and said "final residuary fund," under one general head and title of "residuary estate," with the purpose and with the intent of concealing from your orators and others the knowledge of the sufficiency of the income from said "permanent fund" for the requirements of the said college, and the fact of there having been, as your orators now charge there has been, a yearly surplus of income from said "permanent fund" over the lawful requirements of the said college, and in such manner and form as to show an apparent use of the whole of the income from said "permanent fund," and the "final residuary fund" also, for many years past for the lawful purposes of said trust; and by the said accounts and statements so published, and by the means aforesaid, and by a pretended construction of the terms of said will as including the income from said real estate in the city of Philadelphia in the said "permanent fund," expressly named by said testator for the purposes of said college, as well as by the wrongful use of a large portion of the personal estate of said testator in buildings and real estate investments, so as thereby to reduce the apparent amount of said personal estate, and so induce the belief in your orators and the public generally, that the said in-

come from the said "final residuary fund," consisting of the income of said real estate in the said city of Philadelphia, was required for the lawful purposes of the said college ; your orators have, for a long time, been deceived and misled to the belief that the said "final residuary fund" had vested for purposes of said trust, and have so been purposely delayed and hindered by the said defendants, the said city of Philadelphia, and her agents, the directors of city trusts, from proceeding to obtain their rights and titles to the possession of said real estate, and the income therefrom heretofore unlawfully held and collected by the said defendants.

XIII. And your orators charge that by reason of the use and investment of the large portion of the residue of the personal estate, and the continued use and investment of the yearly income from the said "permanent fund" in the improvement of the real estate in the city and liberties of Philadelphia, the same has become greatly improved in value, and the actual income therefrom thereby largely increased in amount since the death of the testator ; and that as to the remainder of the said rents, issues, and profits of said real estate in the city of Philadelphia, which have been collected by the said defendants for twenty years last past, and are now in their possession, together with interest thereon from the time the same severally accrued, of right belongs to your orators, and is unjustly and unlawfully withheld from them by the said defendants.

XIV. And your orators further aver that the said defendants, the city of Philadelphia, and her agents, the directors of the city trusts, are building other and further buildings for the accommodation of other and further orphans beyond the extent and limit authorized by the said will of said testator for the sole and express purpose of exhausting the surplus income from the said "permanent fund," and unlawfully using and expending the said accumulated income from the said real estate in the city of Philadelphia which they have no right, nor title, nor authority to use under the terms of the will with the design of defeating and hindering your orators from recovering the same.

XV. And your orators further charge that by reason of the said college having been built and completed to the full extent designed and designated by the said testator in and by his said last will aforesaid, and of the large amount of the principal of said "permanent fund" from the accumulated re-investment of the yearly surplus in-

come therefrom for a number of years past, and the practically inexhaustible income from that portion of the said real estate in several counties of this State—which consist of coal lands—it is, and has been for a number of years past, impossible to comply with the requirement of the testator, that the whole income of said "permanent fund" shall be applied yearly, and every year, because the purposes for the college are the only lawful purposes designated for such application; and that by reason of the premises your orators are advised that there is not now, and has never been for a number of years past, any lawful purpose for such an accumulation of the said surplus income of said "permanent fund" beyond the requirements of the said college yearly, and each year; and that the said yearly surplus from said income from said "permanent fund," directed to be applied yearly to the said municipal purposes, has resulted to your orators as heirs-at-law of said Stephen Girard, deceased, as an exhausted residuum after the lawful purposes of the said college have been fulfilled, and that the same of right belongs to your orators as heirs-at-law of said Stephen Girard, aforesaid.

The bill prayed:

*First.* An injunction.

*Second.* An account of the personal estate.

*Third.* An account of the yearly income.

*Fourth.* That as to so much of said real estate in said city as shall have been built upon and improved from income, issues, and profits derived only from said residuary real estate, and so much as shall still remain unimproved, be decreed to be forthwith surrendered to the plaintiffs.

*Fifth.* That as to so much of the said real estate, as shall have been built upon or improved either in whole or in part from funds properly belonging to the personal estate or the income of said "permanent fund," the value of the ground so built upon or improved be decreed to be forthwith paid to the plaintiffs.

*Sixth.* Discovery.

*Seventh.* That the surplus income of the said "permanent fund" may be decreed to be forthwith paid over to your orators.

*Eighth.* Further relief.

The will of Stephen Girard made part of the bill provided *inter alia:*

"XXI. And so far as regards the residue of my personal estate, in trust, as to two millions of dollars, part thereof to apply and expend so much of that sum as may be nec-

cessary in erecting, as soon as practicably may be, * *
a permanent college, with suitable out-buildings, suffi-
ciently spacious for the residence and accommodation of
at least three hundred scholars, and the requisite teachers,
and other persons necessary in such an institution as I
direct to be established ; and in supplying the said col-
lege and out-buildings with decent and suitable furniture,
as well as books and all things needful to carry into effect
my general design. * * * . * *

In relation to the organization of the college and its ap-
pendages, I leave, necessarily, many details to the mayor,
aldermen, and citizens of Philadelphia, and their succes-
sors ; and I do so, with the more confidence, as, from the
nature of my bequests, and the benefit to result from them,
I trust that my fellow-citizens of Philadelphia will observe
and evince especial care and anxiety in selecting mem-
bers for their city councils, and other agents.

There are, however, some restrictions which I consider
it my duty to prescribe, and to be, amongst others, con-
ditions on which my bequest for said college is made and
to be enjoyed, namely : First, I enjoin and require, that
if, at the close of any year, the income of the fund de-
voted to the purposes of the said college shall be more
than sufficient for the maintenance of the institution dur-
ing that year, then the balance of the said income, after
defraying such maintenance, shall be forthwith invested
in good securities, thereafter to be and remain a part of
the capital ; but, in no event, shall any part of the said
capital be sold, disposed of, or pledged, to meet the cur-
rent expenses of the said institution, to which I devote
the interest, income, and dividends thereof, exclusively.
* * *

If the income arising from that part of the said sum of
two millions of dollars remaining after the construction
and furnishing of the college and out-buildings shall,
owing to the increase of the number of orphans applying
for admission, or other cause, be inadequate to the con-
struction of new buildings, or the maintenance and edu-
cation of as many orphans as may apply for admission,
then such further sum as may be necessary for the con-
struction of new buildings, and the maintenance and edu-
cation of such further number of orphans as can be main-
tained and instructed within such buildings as the said
square of ground shall be adequate to, shall be taken from
the final residuary fund, hereinafter expressly referred
to for the purpose, comprehending the income of my real
estate in the city and county of Philadelphia, and the

dividends of my stock in the Schuylkill Navigation Com·pany—my design and desire being that the benefits of said institution shall be extended to as great a number of orphans as the limit of the said square and buildings therein can accommodate.

XXII. And as to the further sum of $500,000, part of the residue of my personal estate, in trust, to invest the same securely, and to keep the same so invested, and to apply the income thereof exclusively to the following purposes, that is to say :

*First.* To lay out, regulate, curb, light, and pave a passage or street, on the east part of the city of Philadelphia, fronting the river Delaware.     *     *     *

*Second.* To pull down and remove all wooden buildings, as well as those made of wood and other combustible materials, as the so-called brick-paned or frame buildings filled in with bricks, that are erected· within the limits of the city of Philadelphia, and also to prohibit the erection of any such buildings within the city's limits at·any future time.

*Third.* To· regulate, widen, pave, and curb Water street, to distribute the Schuylkill water therein upon the following plan :     *     *     *     *     *

And my mind and will are, that all the income, interest, and dividends, of the said· capital sum of $500,000, shall be yearly, and every year, expended upon the said objects, in the order in which I have stated them as closely as possible, and upon no other object until those enumerated shall have been.attained ; and, when those objects shall have been accomplished, I authorize and direct the said mayor, aldermen, and citizens, to apply such part of the income of the said capital sum of $500,000, as they may think proper, to the further improvement, from time to time, of the eastern or Delaware front of the city.

XXIII. I give and bequeath to the Commonwealth of Pennsylvania the sum of $300,000, for the purpose of internal improvement by canal navigation, to be paid into the State treasury by my executors, as soon as such laws shall have been enacted by the constituted authorities of the said Commonwealth as shall be necessary and amply sufficient to carry into effect, or to enable the constituted anthorities of the city of Philadelphia to carry into effect, the several improvements above specified, namely :

*First.* Laws to cause Delaware avenue, as above described, to be made, paved, curbed, and lighted ; to cause the buildings, fences, and other obstructions now existing, to be abated and removed ; and to prohibit the ·crea-

tion of any such obstructions to the eastward of said Dela-aware avenue.

*Second.* Laws to cause all wooden buildings, as above described, to be removed, and to prohibit their future erection within the limits of the city of Philadelphia.

*Third.* Laws providing for the gradual widening, regulating, paving, and curbing Water street, as hereinbefore described, and also for the repairing the middle alleys, and introducing the Schuylkill water and pumps, as before specified—all which objects may, I persuade myself, be accomplished on principles at once just in relation to individuals and highly beneficial to the public; the said sum, however, not to be paid unless said laws be passed within one year after my decease.

XXIV. And as it regards the remainder of said residue of my personal estate, in trust, to invest the same in good securities, and in like manner to invest the interest and income thereof from time to time, so that the whole shall form a permanent fund, and to apply the income of the the said fund:

*First.* To the further improvement and maintenance of the aforesaid college, as directed in the last paragraph of the twenty-first clause of this will.

*Second.* To enable the corporation of the city of Philadelphia to provide more effectually than they now do for the security of the persons and property of the inhabitants of the said city, by a competent police, including a sufficient number of watchmen, really suited to the purpose; and to this end I recommend a division of the city into watch districts, or four parts, each under a proper head, and that at least two watchmen shall, in each round or station, patrol together.

*Third.* To enable the said corporation to improve the city property and the general appearance of the city itself, and, in effect, to diminish the burden of taxation, now most oppressive, especially on those who are least able to bear it:

To all which objects, the prosperity of the city, and the health and comforts of its inhabitants, I devote the said fund as aforesaid, and direct the income thereof to be applied yearly, and every year forever, after providing for the college, as hereinbefore directed, as my primary object. But if the said city shall knowingly and willfully violate any of the conditions hereinbefore and hereinafter mentioned, then I give and bequeath the said remainder and accumulations to the Commonwealth of Pennsylvania, for the purposes of internal navigation; excepting,

however, the rents, issues, and profits of my real estate in the city and county of Philadelphia, which shall forever be reserved and applied to maintain the aforesaid college in the manner specified in the last paragraph of the twenty-first clause of this will. And if the Commonwealth of Pennsylvania shall fail to apply this or the preceding bequest to the purposes beforementioned, or shall apply any part thereof to any other use, or shall, for the term of one year from the time of my decease, fail or omit to pass the laws hereinbefore specified, for promoting the improvement of the city of Philadelphia, then I give, devise and bequeath the said remainder and accumulations (the rents aforesaid always excepted and reserved for the college as aforesaid) to the United States of America, for the purposes of internal navigation, and no other.

Provided, nevertheless, and I do hereby declare that all the preceding bequests and devises of the residue of my estate to the mayor, aldermen, and citizens of Philadelphia are made upon the following express conditions, that is to say :

*First.* That none of the moneys, principals, interest, dividends, or rents arising from the said residuary devise and bequests shall at any time be applied to any other purpose or purposes whatever. than those herein mentioned and appointed.

*Second.* That separate accounts, distinct from the other accounts of the corporation, shall be kept by the said corporation, concerning the said devise, bequest, college, and funds, and of the investment and application thereof ; and that a separate account or accounts of the same shall be kept in bank, not blended with any other account, so that it may at all times appear on examination by a committee of the Legislature as hereinafter mentioned that my intentions have been fully complied with.

*Third.* That the said corporation render a detailed account annually, in duplicate, to the Legislature of the Commonwealth of Pennsylvania, at the commencement of the session, one copy for the Senate and the other for the House of Representatives, concerning the said devised and bequeathed estate, and the investment and application of the same, and also a report in like manner of the state of the said college, and shall submit all their books, papers, and accounts touching the same to a committee or committees of the Legislature for examination when the same shall be required.

*Fourth.* The said corporation shall also cause to be published in the month of January, annually, in two or

more newspapers, printed in the city of Philadelphia, a concise but plain account of the state of the trusts, devises, and bequests herein declared and made, comprehending the condition of the said college, the number of scholars, and other particulars needful to be publicly known, for the year next preceding the said month of January, annually."

The defendants demurred to the bill, *inter alia*, as follows:

That the plaintiffs bring their bill as heirs-at-law of Stephen Girard, and yet aver that he made a will which was duly proved.

That over forty-six years have elapsed between the probate of the will and filing of the bill, and that the plaintiffs are therefore barred by lapse of time.

That the plaintiffs' interpretation of said will is not the true one, because there is no limit to the construction of new buildings for the maintenance and education of orphans, except the adequacy of the grounds on which the college is erected.

The devises for municipal uses, referred to in the bill, are neither indefinite, uncertain, nor impossible of application.

That there is a lawful use for the income of the permanent fund other than the maintenance of said college and orphans.

The devise of the real estate of the said testator in the city of Philadelphia, and of the rents and profits thereof, is not void as a devise in perpetuity.

That plaintiffs have shown no right to the relief prayed for.

The bill is, in other respects, uncertain, informal, and insufficient.

The Court entered a *pro forma* decree sustaining the demurrers and dismissing the bill.

The plaintiffs thereupon took this appeal, assigning for error the action of the court as above.

*A. S. L. Shields, P. E. Carroll*, and *Benjamin P. Wrigley* for appellants.

The possession of trustees under the will on devises and bequests which were valid in part, and void or voidable in part, was a direct continuing trust as to the void or voidable part—for the heirs-at-laws—and being exclusively cognizable in equity, and between *cestui que* trusts and trustees, the Statute of Limitations does not operate as a bar.

Barton *v*. Dickens, 12 Wright, 518; Lyon *v*. Marclay, 1 Watts, 271; Kane *v*. Bloodgood, 7 Johns, Chancery Rep., page 100—adopted by the courts in Pennsylvania. In case of express trusts, accounts decreed extending over thirty, forty, and forty-five years: Hill on Trustees, page 408, and cases there cited.

The will fixes a maximum for the college. This limitation is evidenced by the well-defined intention of the testator manifested by the object the testator had in view, the means he took to accomplish them, and his directions in relation thereto throughout the whole will.

The doctrines of *res adjudicata* and *stare decisis* do not apply to this case. Different questions were involved in the previous cases growing out of Stephen Girard's will.

*F. E. Brewster* and *F. Carroll Brewster* for appellees.

The plaintiffs are barred by lapse of time: Stackhouse *v*. Barnston, 10 Ves. Jr., 466; Townsend *v*. Townsend, 1 Cox, 28; *Ex parte* Hasell, 3 Younge & Collyer, 617; Shewen *v*. Vanderhorst, 1 Russ & Mylne, 347; Bull *v*. Towson, 4 W. & S., 557; Bones' Appeal, 3 Casey, 492; Chorpenning's Appeal, 8 Casey, 315.

This will does not expressly or by implication limit the number of pupils to be received into the college.

The trusts for the city have already been declared valid, and the matters set forth in the bill are *res adjudicata*: Vidal *v*. Girard, 2 Howard, S. C., 127, 1844; City *v*. Girard, 9 Wright, 9, 1863, and Girard *v*. Philadelphia, 7 Wallace, 1, 1868.

PER CURIAM: This case is ruled by the City *v*. Girard's Heirs, 9 Wright, 9. It is there held that the heirs of Stephen Girard are now concluded by the decree of the United States Court in the case of Vidal *v*. Girard's Executors, 2 Howard, S. C., 127, in which the validity of the trusts of the will was established. It matters not that grounds are now taken and arguments brought forward which were not presented and passed upon in that case. They should have been presented if meant to be relied on. If the trusts are invalid now, they were invalid then. Nothing which has since occurred can affect this question. Whether the trustees rightly construe the provisions of the will or are rightly administering them, are questions which do not affect their validity. As to the contention that the city has relinquished the trust to the board of city trusts, that would not avail the appellants, if it were so. It is fully

met and answered by the decision of this court in Philadelphia *v.* Fox *et al.*, 14 P. F. Smith, 169. The directors of city trusts are a department of the municipality which the Legislature had a constitutional right to establish. A man who constitutes such a municipality his trustees, does so subject to all the changes which the sovereign power may make in its character and organization : Girard *v.* Philadelphia, 7 Wallace, 1.

This renders it unnecessary to consider the question of the Statute of Limitations.

Decree affirmed and appeal dismissed at the costs of the appellants.