Fairbanks Company, Appellant, *v.* James V. Kirk and Directors of City Trusts, Garnishees.

*Attachment execution—Garnishees—Trustees of Girard estate.*

Writs of attachment execution cannot be issued against a municipal corporation, and directors of city trusts of Philadelphia, being a department of the municipality, and agents, and officers of the city of Philadelphia cannot be subject to a writ of attachment execution.

Argued Dec. 13, 1899. Appeal, No. 141, Oct. T., 1899, by plaintiffs, from order of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 328, quashing writ of attachment execution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

Rule to quash writ of attachment execution. Before BEITLER, J.

It appears from the record that the plaintiff company obtained judgment in an action of assumpsit against defendant, James V. Kirk, for want of a sufficient affidavit of defense, whereupon damages were assessed at $254.16 for certain materials furnished for the erection of a building known as the Snellenburg's Department Store, Twelfth and Market streets, Philadelphia, which had been erected by defendant for the directors of city trusts acting as trustees under the will of Stephen Girard. The defendant, Kirk, did not pay plaintiffs for material furnished by them, and an attachment was issued against the directors of city trusts to hold the balance due Kirk by the trustees under his contract with them. A rule to quash the attachment was taken which was made absolute.

The court, BEITLER, J., filed the following opinion:

This was a rule to quash the writ of attachment execution.

Under the Act of March 24, 1832, P. L. 176, the Act of April 4, 1832, P. L. 275, and the Act of February 2, 1854, P. L. 21, the city of Philadelphia was created trustee to carry into effect certain improvements and execute certain trusts under the last will and testament of the late Stephen Girard. By Act of June 30, 1869, P. L. 1276, the said trusts so vested in the city of Philadelphia were committed to, and the duties and administration thereof were to be discharged by, a board of fifteen persons, called directors of city trusts.

The fund which the plaintiffs claim to be subject to this attachment is a balance due upon a contract for heating and ventilating a building erected by the garnishees for the estate of Stephen Girard, deceased, for the purpose of leasing it out and thus obtaining a revenue to be applied to the purposes of their trust. Said building has been erected on the south side of Market street, between Eleventh and Twelfth streets, in the city of Philadelphia, and now commonly known as the "Snellenburg's store."

Payments due to contractors for work done on said building are made in the following manner: The bill is approved by the architect and forwarded to the superintendent, who pays it by a warrant signed by himself, countersigned by the president and secretary of the directors of city trusts, and drawn upon the funds of the estate deposited with the treasurer of the city of Philadelphia, and kept by the latter in an account separate from the funds of the city proper. The payments of the present fund would be made in this manner.

The authorities in our state all hold that the writ of attachment execution cannot be issued against a municipal corporation. They are numerous and consistent: Rundle v. Scheetz, 2 Miles, 330; Erie v. Knapp, 29 Pa. 173; Schwatz v. Kyner, 40 Leg. Int. 272; Davies v. Gallagher, 16 W. N. C. 147; Laughlin v. Nevelling, 17 W. N. C. 268; Hutchinson v. Gormley, 48 Pa. 270; City of Philadelphia's Appeal, 86 Pa. 179.

In cases of Phila. v. Fox, 64 Pa. 169, and Girard's Appeal, 4 Penny. 347, the status of the directors of city trusts is clearly defined, and in this latter case it was said: "The directors of city trusts are a department of the municipality which the legislature had a constitutional right to establish."

The act of 1869 provides: "The said directors in the discharge of their duties and within the scope of their powers shall be considered agents or officers of said city."

The case is, therefore, in principle in line with all those just cited, and in its facts almost identical with Laughlin v. Nevelling, supra, decided by this court.

The rule is, therefore, made absolute.

Plaintiff appealed.

*Error assigned* was in quashing the attachment sur judgment in the above cause.

*W. Nelson L. West*, with him *Ellis Ames Ballard*, for appellant.—The writ of attachment in this cause was issued under the provisions of the Act of June 16, 1836, P. L. 764, and this act makes no exception in favor of municipal corporations. The act is a remedial one: Reed v. Penrose, 36 Pa. 214, 239.

For the purpose of the present appeal it is necessary to have a clear insight into the origin, nature and duties of the garnishee. These are found and declared under the Act of March 24, 1832, P. L. 176, Act of April 4, 1832, P. L. 275, Act of February 2, 1854, P. L. 21, and the Act of June 30, 1869, P. L. 1276.

The decisions in different states on the subject of garnishment of moneys in the hands of municipal officers are conflicting. It will suffice, therefore, for us to examine the Pennsylvania cases and understand their bearing on the case at bar. The earliest case in Pennsylvania is Ross v. Clarke, 1 Dall. (1788) 354, which holds that money in the hands of a prothonotary in satisfaction of a judgment is not subject to a foreign attachment. In Rundle v. Scheetz, 2 Miles, 330 (district court of Philadelphia, 1839), the same rule was applied to a salary due a customs' inspector in the hands of the collector of the port. Crossen v. McAllister, 1 Clark, 257 (*199), (C. P. Chester, 1840), exempts funds in the hands of a constable from attachment. In Corbyn v. Bollman, 4 W. & S. 342, SERGEANT, J., states that there is considerable doubt whether a justice of the peace who has collected

money on judgments entered before him can be made a garnishee.   Bentley v. Clegg, 1 Clark, 411 (*62), (district court of Philadelphia, 1843), holds that money in the hands of the sheriff is not subject to attachments.   All these are cases in which the fund attached is practically in custodia legis, and hence free from execution of any kind.   Buckley v. Eckert, 3 Pa. 368, seems to be the earliest case in which the Supreme Court passed upon the question.   Chief Justice SERGEANT decided that salary due to a school teacher could not be attached in the hands of the treasurer of the board of school directors, saying: " His situation does not appear to us to be distinguished from that of a sheriff or prothonotary who has money in his hands as a public officer.   Great public inconvenience would ensue if money could be thus arrested in the hands of officers."   We do not think that this is such a debt as is contemplated by that law.

An attachment proceeding in which the borough of Norristown was garnishee was sustained by the Supreme Court: Heebner v. Chave, 5 Pa. (1847) 115.   The point in question in the case at bar is not discussed, however.

Erie v. Knapp, 29 Pa. (1857) 173, follows Buckley v. Eckert, supra, and Judge KNOX holds that a balance due upon a paving bill is not attachable in the hands of the city.   This case was decided (1) on the authority of Judge SERGEANT and the great public inconvenience; (2) on the fact that an " execution " is a method of collection.

The first of these reasons does not apply to the present case, because in Buckley v. Eckert, supra, the attempt was to attach the salary of a public officer in the hands of a public official performing a public function as treasurer of a board of school directors, and because in the case at bar no public inconvenience would result.   The second reason given by Judge KNOX in Erie v. Knapp, supra, is that a common-law execution is the method of collection.   This is effectually answered by Chief Justice LOWRIE in King, Brown & Co. v. Hyatt, 41 Pa. (1861) 229, the case in which municipal bonds of the city of Erie belonging to a defendant were held subject to attachment execution in the hands of one who had agreed to deliver them to him.

*Francis E. Brewster*, for garnishees.—The opinion of the lower court disposes of the appellant's contention.

The board of city trusts is an arm of the municipal government, and the attachment execution issued against it was properly quashed.

The trusts under the will are quasi municipal; indeed, many of them are purely governmental in their nature. The appellant, while broadly stating that the duties of the trustee are merely private, omits to give any facts whatever relating to the nature of the trusts.

PER CURIAM, January 17, 1900:

The earnest argument of the counsel for the appellant has not convinced us that error was committed in this case. We therefore affirm the judgment of the court below upon the opinion therein filed.

Judgment affirmed.