## Winnemore *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Trustee of charity—Will of Stephen Girard.*

Where a testator gives real estate to a municipality as trustee and directs that it shall " be built upon and improved in such a manner as to secure a safe and permanent income " for the support of a charitable institution established under another provision of testator's will, and directed to be built on other real estate, and the trustee erects on the land directed to be improved, a large office building, and in the operation of said building a person is injured through the negligence of an operator of an elevator, the damages sustained by the person injured must be regarded as an incident to the management and as chargeable among the items of cost of such management, although the testator directs that none of the moneys devoted to the charitable use should be applied to any other purpose whatever.

Argued Oct. 15, 1901.   Appeal, No. 11, Oct. T., 1901, by defendants, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 687, on verdict for plaintiff in case of Edward Winnemore v. City of Philadelphia, Trustee of the Estate of Stephen Girard, Deceased.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

At the trial it appeared that on March 22, 1900, plaintiff was injured through the negligence of an operator of an elevator in the Stephen Girard Building in the city of Philadelphia.   It appeared that the defendant held the legal title to, owned, and managed the building in question, pursuant to authority derived from the will of Stephen Girard, deceased, and that the net income of said building is devoted to the support of Girard College, an institution founded and maintained by direction of said will.

Defendant moved for a nonsuit, on the ground that plaintiff's evidence showing that the alleged negligent act was that of the trustee of a public charity, the rule of respondeat superior did not apply, and no verdict could be sustained.

The trial judge refused the motion for a nonsuit, and allowed the case to go to the jury upon the following reserved point:

Whether there is any evidence on which the plaintiff can recover due to the fact that the negligence, if any, was the negligence of an employee of the city of Philadelphia, as trustee under the will of Stephen Girard.

Defendant's point requesting binding instructions for the defendant was refused.

A verdict was rendered in favor of the plaintiff for $1,000, whereupon defendant moved for judgment non obstanto veredicto, and also for a new trial, which were both refused, judgment being entered for the plaintiff on the verdict.

Defendant appealed.

*Error assigned* amongst others was in entering judgment on the verdict.

*William W. Smithers,* with him *Francis E. Brewster,* for appellant.—The defendant is vested with the legal title and

ownership of the estate of Stephen Girard, but only upon the trusts declared in, and strictly in accordance with the terms of, the will: Girard v. Philadelphia, 7 Wall. 1.

The Girard trust is a public charity and within the power of the city to be administered by it as trustee: Girard v. Phila., 7 Wall. 1; Philadelphia v. Fox, 64 Pa. 169; Girard's App., 4 Penny. 347.

The defendant being a municipal corporation administering a public charity, the rule of respondeat superior does not apply to it: Dillon on Municipal Corp. sec. 66; Western Saving Fund Society v. Phila., 31 Pa. 185; Wheeler v. Phila., 77 Pa. 338; Betham v. Phila., 196 Pa. 302; Dillon on Municipal Corp. sec. 977; Elliott v. Phila., 75 Pa. 347; Freeman v. Phila., 7 W. N. C. 45; Erie School Dist. v. Fuess, 98 Pa. 600; Ford v. Kendall Boro. School Dist., 121 Pa. 543; Vidal v. Phila., 2 How. 127; Fowle v. Council of Alexandria, 3 Pet. (U. S.) 398; Mitchell v. Rockland, 52 Me. 118; Brown v. Vinalhaven, 65 Me. 402; Sherbourne v. Yuba County, 21 Cal. 113; Richmond v. Long, 17 Gratt. (Va.) 375; Murtaugh v. St. Louis, 44 Mo. 479; Ogg v. Lansing, 35 Ia. 495; Maxmilian v. New York, 62 N. Y. 160; Fire Ins. Patrol v. Boyd, 120 Pa. 624.

The rule of respondeat superior cannot here be applied to the Girard trust because a diversion of the funds would result and thus the trust be violated: Feoffees of Heriot's Hospital v. Ross, 12 Cl. & Fin. 507; Fire Ins. Patrol v. Boyd, 120 Pa. 624; Ballou v. Farnum, 9 Allen, 47; McDonald v. Mass. General Hospital, 120 Mass. 432; Keating v. Stevenson, 21 N. Y. App. Div. Repr. 604; N. Y. Supp. 847; Parmenter v. Barstow, 47 Atl. Repr. 365; Gooch v. Assn. for Relief Aged Indigent Females, 109 Mass. 558; Perry v. House of Refuge, 63 Md. 20; Benton v. Boston City Hosp., 140 Mass. 13; 1 N. E. Repr. 836; Newcomb v. Boston Protective Dept., 151 Mass. 215; 24 N. E. Repr. 39; Haas v. Missionary Society of the Most Holy Redeemer, 26 N. Y. Supp. 868; Williamson v. Louisville Indus. School of Reform, 23 L. R. A. 200; Downes v. Harper Hosp., 101 Mich. 555; 60 N. W. Repr. 42; Union Pac. Ry. Co. v. Artist, 60 Fed. Rep. 365; Hearns v. Waterbury Hosp., 66 Conn. 98; George v. Cypress Hills Cemetery, 52 N. Y. Supp. 1097; Mahoney v. Boston, 50 N. E. Repr. 939; Murphy v. Inhab. of Needham, 57 N. E. Repr. 689.

*Joseph H. Taulane*, with him *Thomas Earl White*, for appellee.—The appellant founds his entire argument upon the doctrine laid down by the Supreme Court in Fire Insurance Patrol v. Boyd, 120 Pa. 624, that a charity is not liable for the acts of its servants in the performance of the work for which the charity was established, and intended to carry on.

If the plaintiff in the case at bar had been injured by one of the employees of the estate of Stephen Girard, who was engaged directly in the performance of duties incident to the administration of the charity itself, it is admitted that the plaintiff could not recover, and that his case is within the rule laid down in the case of Fire Insurance Patrol v. Boyd.

The test in every case is not whether the funds can be diverted, but whether there was any duty or liability: Union Pacific Ry. Co. v. Artist, 60 Fed. Repr. 365.

While a municipal corporation is not responsible for its negligence in the performance of its public duties, yet in carrying on any work or business for profit it incurs the same responsibilities as any other person or corporation doing similar work: Mersey Docks & Harbor Board Trustees v. Gibbs, L. R. 1 Eng. & Ir. App. Cas. 93; Bodge v. Philadelphia, 167 Pa. 492; Freeman v. Phila., 7 W. N. C. 45; Giovanni v. Philadelphia, 59 Fed. Repr. 303; Guthrie v. Philadelphia, 73 Fed. Repr. 688; Latrobe's Case, 28 Fed. Repr. 377; Oliver v. Worcester, 102 Mass. 489; Pittsburg v. Grier, 22 Pa. 54.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

The plaintiff in this case recovered a verdict from the city of Philadelphia, trustee of the estate of Stephen Girard, deceased, for damages for personal injuries inflicted through the negligence of the operator of an elevator in a large office building erected on land owned by the defendant as trustee, the net income from which was applicable to the maintenance and development of the charity provided for under the terms of the said will. By the verdict the negligence of the servant of the trustee was ascertained. The trial judge reserved the question, whether the plaintiff could recover because of the fact that the negligence was that of an employee of a trustee for charitable uses under the said will. On the motion for judg-

ment non obstante veredicto, the trial court refused judgment for the defendant and entered judgment on the verdict.

The appellant bases his demand for reversal on the ground that the estate of Stephen Girard is held solely for the purpose of a charity and that the estate is not liable for the result of a tort by an employee of the trustee, since this would be a diversion of a part of the fund from the charity. The city has power to act as trustee of the Girard estate, since the purposes of the trust are germane to the powers of the municipality: Phila. v. Fox, 64 Pa. 169. The board of directors of city trusts, to whom the care of the Girard estate has been lawfully entrusted, is a department of the municipality: Girard's Appeal, 4 Penny. 347. We, therefore, held in Fairbanks Co. v. Kirk, 12 Pa. Superior Ct. 210, that being such a department, a writ of attachment execution could not be issued. But in the case before us the powers and duties of the city of Philadelphia, trustee, are not limited to those inherent in a municipality as a governmental corporation, but find their origin and limitations in the terms of the will creating the trust. So far as this case is involved, therefore, the rights of the plaintiff and defendant are determinable practically in the same manner as if the trustee were an individual or private corporation.

By his will, Girard set apart certain of his real estate in Philadelphia, for the erection and maintenance of a college for the education of orphans. He further directed, by section 20, that his real estate in Pennsylvania should not be alienated by the trustee, but that it should forever thereafter be let to good tenants ; " that the rents issuing and profits arising therefrom should be applied toward keeping that part of the said real estate, situate in the city and liberties of Philadelphia, constantly in good repair ; . . . . and towards improving the same wherever necessary, by erecting new buildings, and that the net residue . . . . be applied to the same uses and purposes as are herein declared of and concerning the residue " of the personal estate. By section 21, the testator provides that the residue of the personal estate shall be held in trust and applied to the erection upon the square of ground between High (now Market) and Chestnut streets, and Eleventh and Twelfth streets, in the city of Philadelphia, of a permanent college, which he proceeds to describe in detail. By a codicil to his will Girard

transferred the site of the college to the place where the buildings now stand, on Ridge avenue. In consequence whereof, he provides in the said codicil, in respect to the ground at Twelfth and Market streets, that, " the said square of ground is constituted and I declare it to be a part of the residue and remainder of my real and personal estate, and given and devised for the same uses and purposes as are declared in section twenty of my will, it being my intention that the said square of ground shall be built upon and improved in such a manner as to secure a safe and permanent income for the purposes stated in said twentieth section." In the large modern office building erected on a part of the ground, the plaintiff, an employee of a tenant in the building, was injuried. In section 24 of the will, appears, inter alia, the instruction, " that none of the moneys, principal, interest, dividends or rents, arising from said residuary devise and bequest, shall at any time be applied to any other purpose or purposes whatever, than those herein mentioned and appointed."

Taking these provisions of the will together, it is evident that the testator after changing the location of the college, set apart the square of ground between High (now Market) and Chestnut streets, and Eleventh and Twelfth streets, as a property to be so managed by the trustee as to be a source of profit, to the end that the net income arising therefrom should be applied to the uses of the charity. No indication, whatever, is given that this piece of property is to be used in any way for the direct purposes of the charitable trust. It is to be rented to tenants. It is, if necessary, to be improved, and the net money result of its management is to be devoted to charitable uses. In the absence of negligence shown to have been committed by the trustee itself, the results of negligent acts of servants necessary to the management of the property, (improved as authorized by the decedent) must be regarded as an incident to the management, and as chargeable among the items of cost of such management. Under section 24 of the will, it is the net residue which is to be applied to the purposes of the trust. Under the codicil, the intention of the testator is expressed to be that the ground " shall be built upon and improved in such a manner as to secure a safe and permanent income" for the purposes set forth in the will. The word " in-

come" as thus used means not gross rentals, but net returns from the property.

From what has been said it should be plain that this case does not come within the application of the principle laid down in Fire Insurance Patrol v. Boyd, 120 Pa. 624, since here the city is acting under the terms of a will which provides for the production of income from a source independent of the charity; and since the tort was not committed by the servant of the trustee in carrying out the charitable trust. In the case referred to, the act of negligence, upon which the action was founded, was committed while the employees were engaged specifically and distinctly in the work for which the charitable organization was created. They were engaged in doing the very work which was the charity. In the case before us, the act of negligence was committed by one having no connection with the charity, save only that he was assisting in the work of making income from property not devoted to the charity.

Were the trustee of the Girard estate permitted to manage the real estate, as now improved, without liability on the part of the fund for the negligent acts of the servants necessary to the usefulness of the property, it would impose an unwarranted risk upon the public and upon the tenants. Such a condition would certainly result in injury to the trust itself, since tenants and frequenters would scarcely be attracted to a building with such extraordinary protection, against liability for negligent employees, thrown around its ownership.

The judgment of the court below is affirmed.