## Danchison v. Ryon et al.

*Ralph M. Bashore,* for plaintiff.

*John G. Callender,* for City of Philadelphia, defendant.

DALTON, J., February 1, 1954.— Plaintiff caused a writ of summons in trespass to issue, naming as joint defendants George W. Ryon and the City of Philadelphia, trustee under the will of Stephen Girard, deceased.

No complaint has been filed as yet, but we are informed by counsel that it is plaintiff's contention that he had been given a right to mine coal from a certain coal hole on the Nathan Beach warranty tract in Schuylkill County under the terms of a written lease from defendant Ryon, who in turn was lessee of the City of Philadelphia, trustee as aforesaid; and that without notice to plaintiff, representatives of Ryon and the City of Philadelphia, trustee, dynamited and closed the coal hole whereby plaintiff sustained damages.

The City of Philadelphia has filed a preliminary objection to the writ, asserting in substance that the City of Philadelphia may be sued only in Philadelphia County.

Pa. R. C. P. 2103 (*b*) provides:

"Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought in and only in the county in which the political subdivision is located."

Plaintiff contends that Pa. R. C. P. 2103 (*b*) does not apply, because he has not sued the city in its ordinary governmental capacity but in its fiduciary capacity as testamentary trustee of the Girard estate. Cf. Shenandoah Borough v. Philadelphia, 367 Pa. 180, 184-85. Undoubtedly there are circumstances under which such a distinction not only may, but perhaps ought to be drawn. But it does not follow that a mu-

nicipal corporation is any the less a "political subdivision" when it is exercising fiduciary functions than it is when it is exercising its ordinary governmental functions.

The same argument was unsuccessfully presented to the Supreme Court many years before the Rules of Civil Procedure were promulgated. In Heckscher et al., v. City of Philadelphia, 6 Sadler 346 (1887), plaintiff argued, inter alia, as follows:

"The city of Philadelphia is the owner of a large body of lands, is extensively engaged in business operations in the county of Schuylkill, and derives an income from its property and operations here of hundreds of thousands dollars per year. The suit is not brought for any act done by the corporation in the carrying out of any act ordinarily performed or contemplated to be performed by a municipal corporation, but is brought to recover damages for an act done by the city of Philadelphia, as trustee under the will of Stephen Girard, deceased, in carrying on business just as a natural person would, in the course of which a trespass has been committed, . . ."

Notwithstanding that argument and without discussing it, the Supreme Court adhered to its prior decisions that a municipal corporation could be sued only in the courts of the county where it is situated.

By the Act of June 30, 1869, P. L. 1276, 53 PS §6481 et seq., the fiduciary duties and powers of the City of Philadelphia, concerning all charitable trusts held by the city, were vested in the board of city trusts, the members of which were declared to be "agents or officers of said city." Plaintiff has called our attention to Wilson, Mayor, v. Board of Directors of City Trusts et al., 324 Pa. 545, wherein it was said concerning the board (p. 554):

"It performs a part of the city's duties and as such, could be considered as a part of the City government,

but its functions are apart from the general governmental powers exercised by the City itself."

That case does not hold that the Act of 1869 split the City of Philadelphia into two distinct corporate entitities; it merely holds that the act divorced the *administration* of the city's fiduciary functions from the administration of its ordinary governmental functions. Both types of functions were, and remained municipal in character. This becomes readily evident by reference to Philadelphia v. Fox et al., 64 Pa. 169. In that case the validity of the Act of 1869 was sustained on the ground that the fiduciary functions of the city were municipal in character, since the objects of the charitable trusts held by the city were germane to the purposes for which the city had been incorporated, and hence the *method* of administering the trusts was subject to the control of the legislature to the same extent as any other municipal function. Concerning the Act of 1869, Mr. Justice Sharswood said, at p. 183:

"It provides merely that one class of the functions of the municipality shall be administered in a manner different from that which has been used heretofore."

Since the City of Philadelphia exercises a municipal function in the administration of the Girard trust, it must be regarded as a "political subdivision" within the meaning of Pa. R. C. P. 2103(b), even though it is sued in its fiduciary capacity. Cf. Fairbanks Company v. Kirk et al., 12 Pa. Superior Ct. 210.

However, there are further questions which must be resolved. Pa. R. C. P. 2103(b) does not impose an *absolute* restriction on the venue. The restriction does not apply "when otherwise provided by an Act of Assembly." What is the meaning of those words? Do they refer only to a venue statute which specifically mentions political subdivisions? Or do they refer also

to a venue statute expressed in language broad enough to include political subdivisions without specifically mentioning them? If so, may plaintiff invoke the Act of July 1, 1937, P. L. 2665, 12 PS §106, which provides in substance that actions "arising from any accident or injury occurring upon real estate" may be brought in the county where the real estate is located?

After careful reflection, we are of opinion that the above-quoted exception refers only to venue statutes which specifically mention political subdivisions. The general rule laid down by Pa. R. C. P. 2103(*b*) is simply declaratory of the Pennsylvania common-law rule on the subject. In this State, the common-law rule did not depend alone on a public policy against calling municipal officers all over the State to defend actions, while their official duties at home remained unattended to. Equally cogent reasons were that the legislature had not enacted legislation for extracounty service of original process on political subdivisions (Potts et al., v. Pittsburgh, 14 W. N. C. 38); and that the legislature had also failed to enact legislation whereby a money judgment could be executed against a political subdivision having an extracounty situs: Lehigh County v. Kleckner, 5 W. & S. 181, 187-188; Oil City v. McAboy, 74 Pa. 249, 251. No such *general* legislation has been enacted to this date. It is therefore reasonable to infer that the statutory exceptions contemplated by the Supreme Court in adopting Pa. R. C. P. 2103(*b*) refer only to such venue statutes as reveal a clear and specific legislative intent to abrogate the common-law rule with regard to actions against political subdivisions.

The Act of 1937, supra, does not mention political subdivisions, and we are of opinion that it may not be invoked as a statutory exception to Pa. R. C. P. 2103(b). No other venue statute, which might be

applicable, has been called to our attention. We are therefore compelled to dismiss the action as to the City of Philadelphia for want of jurisdiction.

And now, February 1, 1954, the preliminary objection is sustained and the action is dismissed as to the City of Philadelphia for want of jurisdiction.