## Casazza v. Sacred Heart Hospital of Allentown

*L. H. Schantz* and *R. A. Weinert*, for plaintiff.
*James C. Lanshe*, for defendants.

HENNINGER, P. J., September 16, 1957.—Plaintiffs are the owners of premises 240 North Fourth Street in the City of Allentown, immediately to the south of premises at the southwest corner of Fourth

and Chew Streets in said city on which latter property, defendant, William P. Doall, Inc., a contractor, recently erected a graduate nurses' home for defendant hospital.

Plaintiffs contend that Doall illegally and wrongfully entered upon plaintiffs' premises with a steam shovel and that such entry was "wilful, premeditated, deliberate and malicious and against the wishes and without the consent of the plaintiffs or owners."

It is also contended in paragraph 7 of the complaint that defendants were bound by the provision of the court order permitting erection of the building, as follows:

"That at and along the said boundary line but *Wholly within the lines of the Hospital property*, the Hospital shall erect, repair and maintain a substantial poured concrete retaining wall and erect, securely fasten, repair and maintain on top of the said retaining wall and for its full length a substantial wrought iron fence, this wall and fence to be erected before building operations commence on said Nurses' Home."

Plaintiffs claim various items of damage to their land and building, aggregating $14,073.25. Throughout the complaint it is averred that these damages occurred through the acts of Doall, "by and through its employees."

The relation of the hospital to plaintiffs is as an adjoining owner and that of the hospital to Doall is expressed in paragraph 6: "Sometime prior to April 27, 1954, the Defendant, Sacred Heart Hospital, as principal, entered into a contract with William P. Doall, Inc., for the erection of a certain building on the aforementioned premises."

Paragraph 9 of the complaint contains the following language: "William P. Doall, Inc., *as the employee and agent of Sacred Heart Hospital* began excavating

on the premises of Sacred Heart Hospital on the 27th day of April, 1954."

Defendant, Sacred Heart Hospital, filed preliminary objections by way of demurrer to the effect that no such action can be maintained against a charitable institution. At argument, plaintiffs' counsel conceded that the hospital is a charitable institution. We, therefore, accept that status, without having to take judicial notice of it.

We have recently decided (Sherer v. St. Luke's Hospital, 189, September term, 1953) that a public charity cannot be made liable for the torts of its servants, basing our decision upon a line of cases beginning with Gable v. Sisters of St. Francis, 227 Pa. 254, 258, and down to Benedict v. Bondi, 384 Pa. 574, 578.

Plaintiffs contend that they are not bound by these decisions because Doall (although a contractor as alleged in paragraph 6 of the complaint) is said to have acted as employe and agent of the hospital (under paragraph 9) and that plaintiffs' damages occurred because Doall as such employe and agent went beyond the charitable purpose of building a nurses' home and deliberately damaged plaintiffs' property. Plaintiffs cite Radobersky v. Imperial Volunteer Fire Department, 368 Pa. 235, 239, as their authority, which case is based on Derk v. Zerbe Township, 322 Pa. 350, 352, and Winnemore v. Philadelphia, 18 Pa. Superior Ct. 625, 631.

The Winnemore case established the point that a charity is not exempt from liability for the torts of its servants in the management of a property held for profit, and the other two cases hold that a charitable corporation is not exempt from such liability while engaged in an undertaking for profit outside its charitable purposes.

Neither exception from the general rule applies to this case. Plaintiffs do not plead, and they could not

well plead, that the proposed building was to be used as a business enterprise or for a purpose divorced from the charitable enterprise of conducting a hospital. It should also be noted that the gravamen of the trespass is not neglect of any duty owed plaintiffs by the hospital as an adjoining property owner (see dissents in Bond v. Pittsburgh, 368 Pa. 404, 411), but is an active trespass on the part of the contractor. Further, nowhere in the complaint is it alleged that the hospital directed the contractor to do the acts which constituted the alleged trespass. On the contrary, it is averred that the acts done were the willful, malicious, deliberate and premeditated acts of Doall itself.

It would seem, therefore, that to the extent that Doall was the employe and agent of the hospital, and we are assuming that to be the case, despite our conviction that that is not a correct representation of their relations, Doall was engaged in the pursuit of the charitable purpose of the hospital, that is, the erection of a building auxiliary to the maintenance of a hospital. In that case, the hospital as a charitable institution would not be liable for Doall's acts, tortious though they may have been: Gable v. Sisters of St. Francis, supra; Benedict v. Bondi, supra.

To the extent that Doall, although engaged to further the hospital's charitable objectives, nevertheless on its own initiative went out of its way to injure plaintiffs' property, it is Doall that is acting outside the hospital's charitable purpose and not the hospital itself. Even a business corporation is not liable for the acts of its agents and employes when they step outside of their superior's business in order to satisfy a personal urge: Todd v. Skelly, 384 Pa. 423, 429; Henry v. Pittsburgh, etc., Railroad Co., 139 Pa. 289, 297.

Furthermore, in every case where a charity has been held for the torts of its servants because the enter-

prise was outside the corporation's charitable purpose, the objective was financial gain. In the Girard Estate case (Winnemore v. Philadelphia, supra), the charity was engaged for profit as a landlord; and in the fire company cases (Radobersky v. Imperial Volunteer Fire Department, supra, and Derk v. Zerbe Township, supra), the fire company was either contesting for a prize or adding glamour to a carnival for profit. No such charge is made in this case.

Therefore, no matter how tortious an act Doall may have committed, it did not carry the hospital into an enterprise, financial or otherwise, outside the protection of the hospital's immunity as a charity.

Now, September 16, 1957, the preliminary objections of defendant, Sacred Heart Hospital of Allentown, are sustained and the complaint is dismissed as to said defendant. Defendant, Wiliam P. Doall, Inc., may, if it will, file an answer on the merits within 20 days after service of this order upon its counsel.