**LORAINE TRANSFER CO., Inc., v. FOSTER.***

No. 4368.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

*Rehearing denied December 16, 1932.

Dickson & Denny, of Shreveport, for appellant.

Hardin & Coleman, of Shreveport, for appellee.

## McGREGOR, J.

This is a suit for damages growing out of an automobile collision at the intersection of Line avenue and Kings Highway, in the city of Shreveport, at which there is an electrically operated traffic light. Plaintiff's car was traveling east on Kings Highway, while the defendant was going south on Line avenue. Neither saw the other until the moment of the collision, while each one contends that he was paying close attention to the traffic light. Plaintiff sues for the damage done to its car, and the defendant, in denying liability, reconvenes for the damage done to his car. There is no dispute concerning the amounts of damages, so that the only issue to be determined is as to whether either or both of the parties can recover on account of the alleged negligence of the other.

In the lower court there was judgment rejecting both the demand of the plaintiff and the reconventional demand of the defendant, with the costs to be paid equally by the parties. From that judgment the plaintiff alone has appealed, and the defendant has filed no answer.

The record in the case is short and simple, and appears to us to justify the judgment rendered by the trial judge. It is the contention of the plaintiff that its car entered the intersection on the green light, and the defendant claims the same thing for himself.

L. D. Davidson, the president of the plaintiff company, and who was driving the car in question, on direct examination testified as follows:

"Q. When you approached the intersection of Kings Highway and Line Avenue, were you familiar with that stop light there? A. Yes sir, was running on the green light, running not more than twenty miles an hour, was going conservative when I intersected Line Avenue, and saw it was still on the green, so I stepped on the accelerator and speeded up a little, at the time when I did that, about the time I intersected Line Avenue he run into my automobile."

On cross-examination he testified as follows:

"Q. Did you see the Foster car? A. No, sir, I did not see it. I was driving along slow, slowed up just before I got to the intersection of Line Avenue, afraid that the light might change, and after I saw that I had time, that it had not changed, I stepped on the accelerator, just before I struck the light, just before I struck Line Avenue and as I did the intersection light showed yellow, the yellow light flashed on."

It is evident from plaintiff's own testimony that the driver of its car saw the yellow or caution light before he entered the intersection. If the light had turned yellow as or after he entered the intersection, he would have cleared it before the red light came on against him, but the collision occurred at about the middle of the intersection, and at the instant of the collision, A. G. Stuckey, Jr., plaintiff's witness, who was on Kings Highway, west of Line avenue, turned quickly around and saw the yellow light changing into red. According to that statement, the actual entry of plaintiff's car into the intersection must have been on the yellow light, which it had no right to do, so that, under the testimony of the plaintiff's own witness, the driver of its car was guilty of negligence.

On the other hand, the defendant testifies most positively that his green light had come on completely before he crossed into the intersection on Line avenue. In this he is corroborated by a witness who was trailing him a few feet on Line avenue, and who testified that he saw the collision, and that at the instant the green light was showing on Line avenue.

There is a kind of feeling among motorists that one has a right to cross an intersection on a yellow or caution light that immediately follows a green light. It would seem that no one should enter an intersection on such a light, but if there is such a right it should not be exercised unless the crossing can be entirely negotiated before the yellow or caution light goes out. In this case the evidence is clear that the yellow light faded out and the red came on before the plaintiff's driver had completely crossed Line avenue. This being true, he was in the intersection at a time when he had no right to be there, and when the defendant had a right to be there.

For the reasons assigned, the judgment appealed from is affirmed, with all costs.

DREW, McGREGOR, and PALMER, JJ., concur.