William Landess, Administratrix of Estate of Earl William Landess, Deceased, Appellee, v. Roy Mahler, Appellant.

Gen. No. 39,670.

Opinion filed May 16, 1938.

BEVERLY & KLASKIN and JOHN M. BEVERLY, both of Chicago, for appellant.

RAYMOND F. HAYES and RICHARD G. FINN, both of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court

Earl William Landess, hereafter called plaintiff, came to his death as the result of an automobile accident; his administrator brought suit and upon trial had a verdict and judgment for $4,400. Defendant appeals.

Plaintiff, 19 years old, with a companion about the same age, Ralph Stewart, at about midnight July 20, 1935, was going south in an automobile on Cicero avenue in Chicago, plaintiff driving; on the intersection with Addison street plaintiff's car collided with

an automobile driven west on Addison by defendant; plaintiff was thrown from his car and received injuries from which he died.

We are of the opinion that the finding of the jury that plaintiff was free from negligence contributing to the accident is manifestly against the weight of the evidence, and the judgment must be reversed and the cause remanded.

We base our opinion upon the conduct of plaintiff as he approached Addison street. There were stop and go light signals at the intersection. Plaintiff drove into Cicero from a side street about four or more blocks north of Addison. Stewart testified that when approximately three-quarters of a block north of Addison he noticed that the green light was on for Cicero traffic to proceed; that they were traveling 25 to 30 miles an hour; that when they were five or ten feet from Addison the signal flashed amber and then red; that plaintiff kept going—he did not reduce the speed or apply the brakes, but went into the intersection and the right front of defendant's car struck the left rear of plaintiff's car.

Two other witnesses called by plaintiff, pedestrians on Cicero, testified that plaintiff's car was traveling at about 30 miles an hour and was about 10 feet from Addison when the lights changed from green to amber and red.

A number of witnesses for defendant testified that as plaintiff approached Addison his car was going from 45 to 60 miles an hour; that it did not reduce its speed; that the light for southbound traffic changed from green to amber and red when plaintiff's car was about 100 feet north of Addison. All the witnesses agreed that as plaintiff's car approached the intersection the green light changed while plaintiff was some distance north and that he proceeded into the intersection without reducing his speed.

There was evidence that as defendant's car on Addison approached Cicero the light changed from red to green when it was about 100 feet east of Cicero and that it proceeded into the intersection with the green light; when defendant's car was approximately 40 feet into the intersection it struck plaintiff's car when it was 20 to 25 feet into the intersection.

In *Rose v. Campitello*, 114 Conn. 637, 641, where the statute concerning traffic signals is almost identical with ours, a general observation is made as to the duty of a driver approaching an intersecting street where there are stop and go lights, which meets with our approval. The opinion says: ''So in approaching an intersection a driver must use reasonable care to guard against the possibility that a green traffic light may turn yellow and then red, thus putting an end to his right to proceed and giving that right to vehicles approaching upon the intersecting street. He has no right, as a matter of law, when he sees a green light ahead, to approach the intersection and, without reducing his speed, proceed through it in an attempt to 'beat' the light; but it is his duty to drive at such a speed and to have his car under such control as a reasonably prudent person would, in view of the possibility that the traffic light may change. If he is approaching at a moderate rate of speed, careful operation of his car might not require any abatement of speed. If at a higher rate failure to slacken his speed as he approached the intersection might be the clearest kind of negligence.'' *Loraine Transfer Co. v. Foster,* — La. App. —, 144 So. 281, involved a collision between automobiles at a street intersection; plaintiff brought suit against the owner of the other vehicle and suffered defeat in the trial court; upon appeal the court found that the plaintiff, driving his car, saw the yellow light before he entered the intersection and that the entry of his car into the intersec-

tion "must have been on the yellow light, which it had no right to do." The judgment against plaintiff was affirmed, the court saying, "There is a kind of feeling among motorists that one has a right to cross an intersection on a yellow or caution light that immediately follows a green light. It would seem that no one should enter an intersection on such a light," but if there is such a right it should be exercised cautiously. In *Harris v. Moran,* 121 Pa. Super. Ct. 16, 182 A. 660, it is held that the "go" signal at a street intersection is qualified permission to proceed lawfully and carefully, and confers no authority on the motorist receiving the signal to proceed across the intersection regardless of other persons or vehicles already within the intersection. A number of other cases might be cited to the same effect.

When plaintiff's car was on Cicero, some distance north of Addison, the green light was in his favor and no traffic was ahead of him; he knew or should have known about how long the light had been on and that it would probably turn from green to yellow and red before he reached Addison; that defendant's car was nearing the intersection, and plaintiff in the exercise of due care should have controlled his car accordingly. The greater weight of the evidence tends to show that although the green light changed when plaintiff was about 100 feet north of the intersection, he proceeded at a high rate of speed, which one witness places at 60 miles an hour, and entered the intersection without reducing speed or applying brakes. Apparently he was attempting to "beat the light" and, heedless of defendant's car, ran across its pathway. If there was no contradictory evidence as to these points we would hold as a matter of law that plaintiff was guilty of contributory negligence, but in view of the evidence on behalf of plaintiff, that he was going at a slower rate of speed and was nearer to Addison when the

light changed, we cannot so hold. We do hold that the manifest weight of the evidence proves that he was guilty of negligence.

It is notable that a large number of cases are in the courts arising out of automobile collisions at street intersections, especially where there are stop and go signals. Many motorists seem reluctant to allow another vehicle to proceed ahead across the intersection; they speed up in an attempt to cross first, with the inevitable resulting collision and frequent tragic consequences.

At plaintiff's request the court instructed the jury in the language of the statute regulating signal lights. Motor Vehicles Act, Ill. Rev. Stat. 1937, ch. 95½, ¶ 129, sec. 32 [Jones Ill. Stats. Ann. 85.161]. This provides, among other things, that vehicular traffic facing the yellow light shall stop before entering the nearest crosswalk at the intersection, "but if such stop cannot be made in safety, a vehicle may be driven cautiously through the intersection." This manifestly applies to a situation where there is traffic immediately following the first vehicle approaching the intersection or when it is so near that an abrupt stop could not be made in safety. It is not meant to encourage motorists to increase speed as they come closer to the intersection, but the driver must proceed cautiously. With reference to negligence, whether or not a driver violates this statute may not be of controlling importance, for under all circumstances he should drive with due care, having in mind the speed of his car and the speed and position of other traffic, the stop and go lights, the extent of the use of intersecting streets and all the surrounding circumstances and conditions. This statute has no application to the circumstances here presented. There was no traffic following plaintiff's car. The greater weight of the evidence tends to show that he could have stopped in safety when the yellow light

went on, and he did not proceed cautiously into the intersection.

Defendant complains of a question to the jurors on their *voir dire* as to their interest, if any, in the State Farm Mutual Automobile Insurance Company. A similar question has been held not to constitute reversible error in *Smithers v. Henriquez,* 287 Ill. App. 95, and by the Supreme Court in opinion filed April 15, 1938.

Other points are made by defendant in his brief which are not of sufficient importance to require comment. For the reason that the finding of the jury that plaintiff was not guilty of contributory negligence as he approached Addison street is manifestly contrary to the weight of the evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

O'Connor, P. J., and Matchett, J., concur.