# Black et al. *v.* Pittsburg.   Carmichael's Appeal.

*Municipal corporations—Judgments and suits—Right of taxpayer to defend—Statutes—Repeal by implication—Acts of March 23, 1877, P. L. 20, and March 7, 1901, P. L. 20—Pittsburg.*

1. The Act of March 23, 1877, P. L. 20, which provides that in case of any unsatisfied judgment or suit "against any township, borough, school or poor district, or other municipal district" any taxpayer may inquire into the validity of the judgment and defend the district, is not applicable to cities, so as to warrant the intervention of a taxpayer

of the city of Pittsburg to inquire into the validity of an unsatisfied judgment on award of viewers and to defend the city in the suit.

2. The Act of March 7, 1901, P. L. 20, covering cities of the second class, providing for a complete department of law and putting the legal matters of the corporation in the hands of the city attorney, must be deemed as repealing the act of 1877, if that act ever applied to cities of the second class.

Argued Oct. 31, 1910. Appeal, No. 188, Oct. T., 1910, by Alice D. Carmichael, a taxpayer, from an order of C. P. No. 2, Allegheny Co., Oct. T., 1909, No. 197, dismissing petition to intervene in case of S. W. Black and J. H. Park v. City of Pittsburg. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to intervene.

The facts appear in the following opinion of SHAFER, J.:

In each of these cases, Alice D. Carmichael has presented her petition alleging that she is a taxpayer of the city of Pittsburg, and that in each of these cases legal proceedings have been had which are to the detriment of the city and, therefore, to her loss as a taxpayer. In the first and second cases mentioned, which concern the same matter, the petitioner alleges that a board of viewers made an award against the city for one hundred and forty-eight thousand odd dollars; that an appeal was taken by the city, in which the city solicitor made an affidavit that the amount was in excess of the value of the land, which was not worth more than $80,000; and that afterwards, on motion of the city solicitor and the attorneys for Black et al., and the filing of a stipulation as to the time of payment of the award, the appeal was discontinued, and the award confirmed; and that this was without authority of the city councils, unlawful, and against the interests of the city and the petitioner as a taxpayer. The allegation in the third mentioned case is that a certain condemnation bond given by the city in the sum of

$200,000 is too large and ought to be reduced to $110,880, for the reason that the existence of a bond of $200,000 might come to the knowledge of any jury who might pass upon the value of the land and prejudice them as to that value. In the fourth case, in which an appeal from the award of viewers is pending, the petitioner alleges that she greatly fears that an action similar to that taken in the other cases, as to the discontinuance of the appeal, may be taken by the city solicitor, to the prejudice of the city and herself, wherefore she prays in all of these cases to be admitted to come into the cases as a party, and to inquire into the validity of the proceedings, and in general to protect the city from loss.

She claims the right to do this under the provisions of the Act of March 23, 1877, P. L. 20, which provides that in the case of any unsatisfied judgment or suit against "any township, borough, school or poor district, or other municipal district," any taxpayer may inquire into the validity of the judgment and defend the district as fully and completely as the officers of the district would by law have the right to do. We are very clearly of opinion that these words do not apply to the cities of the commonwealth. It is a well-known rule that "a statute which treats of things or persons of an inferior rank cannot, by any general words, be extended to those of a superior. So a statute treating of "deans, prebendaries, parsons, vicars, and others having spiritual promotion" does not apply to bishops: 1 Bl. Com. 88. The only cases to which we have been referred where it was even claimed that the act applied to cities are those of Driscoll v. City of Chester, 5 Del. County Rep. 387, and White v. City of Chester, 10 Del. County Rep. 394, where the common pleas of Delaware, although refusing the petition in each case, appears to be of opinion that the act applies to that city. The absence, however, of any case in which the act has been applied to any city for the thirty-three years of its existence, is very strong evidence of the construction placed upon it by the courts and the profession.

The Act of March 7, 1901, P. L. 20, covering cities of the second class, provides for a complete department of law and puts the legal matters of the corporation in the hands of the city attorney, and is so very inconsistent with the application of the act of 1877 to the business of a city that even if the act of 1877 originally applied to the city of Pittsburg it must be deemed to be repealed by the act of 1901.

Being of opinion, therefore, that the act of 1877, upon which the petitioner relies, does not apply to the city of Pittsburg, the petitions filed in the several cases above named are dismissed.

*Error assigned* was in dismissing the petition.

*H. M. Scott,* for appellant, cited: White v. Chester, 10 Del. County Rep. 394; Driscoll v. Chester, 5 Del. County Rep. 387.

*Chas. A. O'Brien,* for appellee.—Cities occupy a class by themselves, and to include them in the general words "other municipal district" would violate the well established rule of construction that general words following a specific enumeration are limited in their meaning to things of the same class or kind as those enumerated: Butler's App., 73 Pa. 448; Allen's App., 81* Pa. 302; Renick v. Boyd, 99 Pa. 555; Monongahela Bridge Co. v. Pittsburg & Birmingham Ry. Co., 114 Pa. 478; Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271.

The act of 1877 if it did apply to cities of the second class was repealed by the Act of March 7, 1909, P. L. 20; Sifred v. Com., 104 Pa. 179.

Per Curiam, January 3, 1911:

The order of the court below is affirmed at appellant's costs on its opinion dismissing her petitions.