## Harris v. Moran, Appellant.

Argued December 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas E. Comber, Jr.,* for appellant.

*J. Morris Yeakle,* for appellee.

OPINION BY JAMES, J., January 31, 1936:

Appellant has assigned as error the court's refusal of his point for binding instructions and motion for judgment non obstante veredicto, both of which involve the question whether plaintiff was guilty of contributory negligence, as a matter of law.

Point Breeze Avenue in the City of Philadelphia runs northeast and southwest and Tasker Street crosses it east and west. Both Point Breeze Avenue and Tasker Street are 50-foot streets, and in the middle of Tasker Street is a trolley track. On the afternoon of May 31, 1934, plaintiff was driving an automobile northeastwardly on Point Breeze Avenue towards Tasker Street and when he was at a point 50 feet south of Tasker Street, the traffic light at the intersection of Tasker Street and Point Breeze Avenue turned green for traffic on Point Breeze Avenue. The plaintiff, tooting his horn, proceeded but could not see east (on his right) on Tasker Street as his view was obstructed by a large truck parked at the southeast corner of Point Breeze Avenue and Tasker Street, the front of which extended two or three feet beyond the curbline of Tasker Street. When plaintiff got beyond the end of the truck, he looked to the right and saw defendant's truck practically on top of him. The collision immediately happened, plaintiff's car being struck in the rear of the center.

A "go" signal at a street intersection confers no authority on the driver of an automobile who receives this signal to proceed across that intersection regard-

less of other persons or vehicles that may already be within it. It is not a command to go but a qualified permission to proceed lawfully and carefully in the direction indicated: Galliano v. East Penn Electric Co., 303 Pa. 498, 154 A. 805, but after the driver has committed himself to the intersection, he has the right to assume that other users of the intersection, whom he cannot observe, will not attempt to cross his path. It was impossible for plaintiff, after he had committed himself to the intersection, to see defendant's truck until he had passed the parked truck, at which time the front wheels of his automobile had reached the car tracks. As well expressed by the court below in its opinion refusing the judgment non obstante veredicto: "The only duty imposed upon him (the plaintiff) by law was that he observe the other vehicles in the intersection which were visible. He blew his horn before entering the intersection but was not obliged to stop his car and proceed ahead on foot in order to determine whether the intersection was clear. His view to the right was blocked by the truck parked at the corner and the evidence discloses that he looked as soon as his vision to the right was unobstructed. At that point the defendant's automobile was already upon him and as defendant's driver testified, was being driven at the rate of 25 miles per hour, at a time when the traffic light was against him. We are of the opinion that the plaintiff took every precaution possible under the circumstances." With these observations we are in accord. In the case of Byrne v. Schultz, 306 Pa. 427, 160 A. 125, relied upon by appellant, the driver of the car proceeded across an intersection in response to the signal of a traffic officer without looking to the left or right and without noticing an oncoming bus although the bus was visible to him. Under such circumstances, the driver had failed in the exercise of due care and was, therefore, guilty of contributory negligence.

Judgment affirmed.