## Derk et al., Appellants, *v.* Zerbe Township.

Argued May 12, 1936.   Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*H. F. Bonno,* with him *Fred B. Moser,* for appellant.

*J. A. Welsh,* with him *A. G. Shoener,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

While riding in an automobile participating in a parade of motor vehicles celebrating the opening of a new highway, the minor plaintiff, Chester Derk, was injured when the motor fire truck of the Trevorton Fire Company collided with the rear of the automobile. Trevorton is a small community located in the Township of Zerbe, a township of the second class. The Trevorton Fire Company is a volunteer organzation. Suit was brought against the township to recover damages for the injuries received by the boy. The court sustained an affidavit of defense in the nature of a demurrer and entered judgment for defendant. This appeal by plaintiffs followed.

Appellants claim liability of the township results from the Act of June 22, 1931, P. L. 751, section 619, 75 PS 212 (1935 Supp.), which reads as follows: "Every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment; and every city, borough, incorporated town, and township shall also be jointly and severally liable with any member of a volunteer fire company, of any such city, borough, incorporated town, or township, for any damage caused by the negligence of such member while operating a motor vehicle used by or belonging to such volunteer fire company while going to, attending, or returning from a fire, or while engaged in

any other proper use of such motor vehicle for such volunteer fire company within such city, borough, incorporated town, or township."

The use to which the fire truck was being put at the time the accident occurred was not within the terms of this statute. The uses which give rise to liability are those in connection with fires or related to fire service. The act designated "going to, attending, or returning from a fire" as a proper use of a motor vehicle used by or belonging to a volunteer fire company and adds to this as further fixing liability "any other proper use," that is to say, a use connected with fire duty or service. Use in a parade has nothing to do with the use for which the fire apparatus was intended and obviously is not a proper use in contemplation of the act. It is clear that the ejusdem generis rule must be applied to the construction of this statute if it is to be given a reasonable meaning and purpose. Instances in which this rule has been applied are *Butler's Appeal*, 73 Pa. 448 (involving the construction of the words "or other places of business or amusement") ; *Black v. Pittsburgh*, 230 Pa. 312, 79 Atl. 569 ("or other municipal district") ; *Burns v. Coyne*, 294 Pa. 512, 144 Atl. 667 ("or other creditors"). In all of these cases we held the general expressions quoted were restricted to things and persons similar to those specifically enumerated in the preceding language of the particular statute. This question is discussed at length in *Lewis's Sutherland on Statutory Construction* (2d ed.), volume 2, page 814; *Hardcastle's Construction and Effect of Statutory Law*, page 199; *Endlich's Interpretation of Statutes*, chapter 14, page 554; *Black on Interpretation of Laws*, page 203; 25 R. C. L. 996, and 59 C. J. 981.

The judgment is affirmed.