## Frederick's Estate.

Argued April 22, 1938; reargued January 3, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

328

*A. L. Shapiro,* with him *Abraham Wernick,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellant.

*Joseph P. Gaffney, Alexander S. Bauer* and *Joseph P. Gaffney, Jr.,* for appellee, were not heard.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1939:

There is presented on this appeal the question whether the City of Philadelphia can collect the four mill tax, levied under the Act of June 17, 1913, P. L. 507, and its supplements, on a judgment recovered by the Estate of Mary J. Frederick against the city, growing out of the condemnation of her land for public purposes. The Orphans' Court decided that the tax was not collectible, for reasons not similar to those we shall assign, and the Superior Court, on appeal to it (130 Pa. Superior Ct. 373) determined that the judgment was taxable, but that the tax, under the act, was not payable to the city, but to the State. We are of opinion that the judgment is not taxable at all.

The statute provides, Section 1, (72 PS Sec. 4821):
"All personal property of the classes hereinafter enumerated, owned, held, or possessed by any person, or persons, copartnership, or unincorporated association or company, resident, located, or liable to taxation within this Commonwealth, or by any joint-stock company or association, limited partnership, bank or corporation whatsoever, formed, erected, or incorporated by, under, or in pursuance of any law of this Commonwealth or of the United States, or of any other State or government, and liable to taxation within this Commonwealth . . . is hereby made taxable, annually, for county purposes, and, in cities coextensive with counties, for city and county purposes, at the rate of four mills on each dollar of the value thereof, . . . that is to say.—All mortgages; all moneys owing by solvent debtors whether by promissory note, or penal or single bill, bond or judgment; all articles of agreement and accounts bearing interest; all public loans whatsoever, except those issued by this Commonwealth or the United States, and those made taxable for State purposes by section seventeen hereof; all loans issued by any corporation, association, company, or limited partnership, created or formed under the laws of this Commonwealth or of the United States, or of any other State or government, including car-trust securities and loans secured by bonds or any other form of certificate or evidence of indebtedness, whether the interest be included in the principal of the obligation or payable by the terms thereof, except such loans as are made taxable for State purposes by section seventeen hereof; all shares of stock in any bank, corporation, association, company, or limited partnership, created or formed under the laws of this Commonwealth or of the United States, or of any other State or government, except shares of stock in any bank, corporation, or limited partnership that may be liable to a tax on its shares or its capital stock for State purposes under the laws of this Commonwealth, or relieved from the pay-

ment of tax on its shares or capital stock for State purposes by the laws of the Commonwealth; all moneys loaned or invested in other States, Territories, the District of Columbia, or foreign countries; all other moneyed capital in the hands of individual citizens of the State; . . . all annuities yielding annually over two hundred dollars: . . . And provided further, That corporations, limited partnerships, and joint-stock associations, liable to tax on capital stock for State purposes, shall not be required to make any report or pay any further tax, under this section, on the *mortgages, bonds, and other securities* owned by them in their own right; but corporations, limited partnerships, and joint-stock associations, holding such securities as trustees, executors, administrators, guardians, or in any other manner, shall return and pay the tax imposed by this section upon *all securities* so held by them as in the case of individuals: And provided further, That none of the classes of property made taxable by this section for county purposes, and, in cities coextensive with counties, for city and county purposes, shall be taxed or taxable for any other local purpose or for State purposes under the laws of this Commonwealth."

Section 17 (72 PS Sec. 2121) provides: "All scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid, by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other State or of the United States, and doing business in this Commonwealth, and all scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid, by any county, city, borough, township, school district, or incorporated district of this Commonwealth are hereby made taxable in the year one thousand nine hundred and nineteen, and annually thereafter, for State pur-

poses, ·at the rate of four mills on each dollar of the nominal value thereof: . . . It is the intent of this act that all scrip, bonds, certificates, and evidences of indebtedness made taxable under this section are not taxable under section one (1) of the act to which this is an amendment, and that only such scrip, bonds, certificates, and evidences of indebtedness which cannot be made taxable under this section are to be taxed under section one (1) of said act."

The portions of section 1 of the act which invite our particular attention are these: "All personal property of the classes hereinafter enumerated . . . is hereby made taxable, annually, for county purposes, that is to say.—All mortgages; all moneys owing by solvent debtors whether by promissory note, or penal or single bill, bond or judgment; all public loans whatsoever. . . ." The portions of section 17 to be considered are: ". . . all scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid, by any county, city, borough, township, school district, or incorporated district of this Commonwealth are hereby made taxable . . . for State purposes, at the rate of four mills on each dollar of the nominal value thereof. . . ."

We are of the opinion that the language of the two sections of the act above quoted negatives the idea that the tax was intended to be levied on the judgment here in question, or upon any judgment, unless it is obtained upon a mortgage, promissory note, penal or single bill, a bond, or other obligation voluntarily incurred. General expressions used in a statute are restricted to things and persons similar to those specifically enumerated in the language preceding the general expressions: *Derk v. Zerbe Twp.*, 322 Pa. 350, 185 A. 647. In the instant case, the word "judgment" in the first section and the words "evidences of indebtedness" used in the 17th section, are not to be given the meaning these words would ordi-

narily import if used in a statute alone. They are preceded by language specifically enumerating the various items of personal property made taxable, and must be read in connection with those specific expressions. When this is done, it is clear that the words "evidences of indebtedness," refer only to obligations voluntarily incurred, such as on a bond or certificate of indebtedness, and that the word "judgment" refers to judgments entered on such an obligation, such as on a bond or a promissory note.

When the history of this kind of tax legislation,* beginning with the Act of April 29, 1844, P. L. 486, Sec. 32, is taken into account, it is manifest that the legislature never intended to tax judgments generally, but only such as were entered upon, or had their foundation in, some form of obligation similar to those enumerated in the act. Although legislation of this kind has been on the statute books for almost a century, so far as we have knowledge, it has never heretofore been supposed that it warranted the taxation of tort judgments or judgments of the kind here entered.

Under the 17th section, if liability for the tax were to be fixed, it would have to be under the words "evidences of indebtedness on which interest shall be paid by any city." A judgment, while it carries interest, is not an evidence of indebtedness of the kind covered by the language used, which speaks of "scrip, bonds, certificates and evidences of indebtedness" meaning some form of obligation issued or assumed by the various municipalities.

We, therefore, hold that the judgment in question is not subject to tax under either section of the Act.

The appeal is dismissed, costs to be paid by appellant.

---

* For a history of the legislation, see *Com. v. Jacob Reed's Sons,* 25 Dauphin 117; affirmed 275 Pa. 20.