## Commonwealth v. Dzmura

*Charles B. Jarrett*, for Commonwealth.
*Louis Vaira* and *Paul N. Barna*, for defendant.

EGAN, J., June 5, 1939.—Defendant was tried on two indictments, both growing out of the same situation. At no. 453 April sessions, 1939, defendant was indicted under the Fraudulent Conversion Act of May 18, 1917, P. L. 241, with having received and fraudulently con-

verted funds belonging to St. Anne's Lodge No. 108 of the Greek Catholic Union, an unincorporated association. On this fraudulent conversion charge, defendant was found not guilty and the Greek Catholic Union of the Russian Brotherhoods of the U. S. A. directed to pay the costs. On the embezzlement charge at no. 451 April sessions, 1939, defendant was found guilty, and thereafter filed motions for a new trial and in arrest of judgment.

In the embezzlement case, defendant was charged with the embezzlement of funds of the unincorporated association, St. Anne's Lodge No. 108 of the Greek Catholic Union, the indictment being in the language of the Act of April 23, 1909, P. L. 169, as amended by the Act of April 16, 1929, P. L. 524, 18 PS §2516. This act makes it a misdemeanor for "any president, vice-president, cashier, treasurer, secretary, teller, bookkeeper, clerk, employe, or agent of any mutual savings bank, savings bank, bank of discount and deposit, trust company, title insurance company, surety company, or safe deposit company, incorporated under the laws of this Commonwealth; *or of any private bank or unincorporated association, receiving deposits of money;* or of any building and loan association, incorporated under the laws of this Commonwealth, or authorized to do business therein, who shall embezzle, abstract, or wilfully misapply any of the moneys, funds, or credits of any of *said* institutions . . . with intent in either case, to injure or defraud such institution . . . or any individual person, or to deceive . . . any bank examiner. . . ." (Italics supplied.)

Defendant was the financial secretary of this branch unincorporated lodge from 1934 to 1937 inclusive. It was charged that there was a shortage of several hundred dollars after defendant left office, and this indictment resulted.

The Act of 1909, supra, as amended by the Act of 1929, supra, is concerned with acts of officers and employes of banks and other institutions receiving money for deposit,

and was not intended to cover the acts of any officer of an unincorporated association receiving dues from the members of the association. These statutes do not apply generally to any unincorporated association, but to an unincorporated association restricted in kind to institutions similar to those specifically enumerated in the preceding language of the statute.

In Commonwealth v. Petrovz, 71 Pitts. 759 (1919), an indictment was quashed where the treasurer of an unincorporated local of the United Mine Workers was charged with embezzling funds of the local association. While the question before us was not decided in Commonwealth v. Dauphinee et al., 121 Pa. Superior Ct. 565 (1936), where defendant was indicted and tried under the Act of 1929, at page 571 the court says:

"This portion of our statute is in substantially the same language as Section 5209 of the Revised Statutes of the United States, applicable to the officers, etc., of *national banking associations*: 12 U. S. C. A. titl. 12, Sec. 592," and in the same opinion at page 575 we read:

"The act of 1929 covers, and the indictments now under consideration charged appellants with the commission of, three distinct and separate criminal offenses —'embezzlement,' 'abstraction' and 'wilful misapplication of *funds of the bank*", and at page 580 of the same opinion, the Superior Court says:

"Our act of 1929 expressly makes an intent to injure or *defraud the bank* an essential ingredient of the crime described therein as a wilful misapplication." (Italics supplied.)

General words or expression in a statute are restricted to things and persons, similar to those specifically enumerated in the language preceding the general expressions: Frederick's Estate, 333 Pa. 327, 331; Derk et al. v. Zerbe Twp., 322 Pa. 350, 352.

A new trial has been ordered, but under the legal question involved in this case it appears that a motion to quash the indictment should be granted.