## Zakrzeski v. Ashley School District

*Jenkins, Turner & Jenkins* and *Donald Mills*, for plaintiff.

*H. L. Winkler*, for defendant.

VALENTINE, J., May 11, 1942.—The resolution authorizing plaintiff's employment as a supply clerk did not designate the term of his employment. The contract, executed pursuant to such resolution, fixed his salary at $125 per month, but is silent as to the period for which he was engaged. Had the resolution and contract designated plaintiff's term of employment, such contract might be sustained, irrespective of the Teachers' Tenure Act. We are unable to conclude, however, that plaintiff's contention that he is within the protection of that act is meritorious.

The Teachers' Tenure Act of April 6, 1937, P. L. 213, is an amendment of article XII of the School Code of May 18, 1911, P. L. 309. This article is entitled "Teachers and Supervising Principals". Section 1201 of the amended act reads as follows:

"The board of school directors in every school district in this Commonwealth shall employ the necessary qualified teachers to keep the public schools open in their respective districts in compliance with the provisions of this act.

"The term 'professional employe' as used in this act, shall include teachers, supervisors, supervising principals, principals, directors of vocational education, dental hygienists, visiting teachers, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists, school nurses who are certified as teachers and any regular full-time employe of a school district who is duly certified as a teacher."

An analysis of article XII of the code reveals that it relates to the activities of school districts which have to do with teachers and teaching. Other sections of the code, viz, sections 403, 404 and 406, relate, inter alia, to the fixing of the salaries of employes, the adoption of rules regulating their conduct, and to their removal. The work to be done by the employes specifically designated in section 1201 of the code, supra, is professional in character. The work to be done by a supply clerk is not.

Plaintiff asserts that he is protected in his position solely by reason of the fact that when engaged as a supply clerk he was the holder of a certificate to teach; in other words, he was then certified as a teacher. If this be true every utility man or janitor who holds a teacher's certificate when employed by a school district is protected in such menial employment equally with teachers and supervising principals. Such a conclusion might, and probably would, result in the most inefficient utility men being given the status of permanent employes, while more efficient persons could be dismissed at pleasure. We do not believe that the legislature intended this result, nor that a proper construction of section 1201 of the code, as amended, warrants such a conclusion.

In determining the construction to be given section 1201 of the code, the object to be attained and the consequence of a particular interpretation are not to be disregarded: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. It has been frequently stated that the purpose of the Tenure Act was to maintain an adequate and competent teaching staff, free from political and personal arbitrary interference, whereby capable and competent teachers might feel secure and more efficiently perform their duties of instruction: Teachers' Tenure Act Cases, 329 Pa. 213, 231; Walker's Appeal, 332 Pa. 488, 491; Ehret v. Kulpmont Borough School District, 333 Pa. 518, 524.

The act was not designed to perpetuate mechanics and janitors in permanent positions, irrespective of the desire of the members of the school board, and in the absence of a contract covering their terms of employment.

To support the contention that plaintiff is within the Tenure Act, reliance is placed upon the decision of the Supreme Court in Jones v. Kulpmont Borough School District, 333 Pa. 581. In that case the employe had served nine years as a teacher and was then elected as a "permanent supply teacher". She was also charged with the duty of acting as a full-time teacher in certain of the grades. The lower court found that the action of the board in discontinuing the permanent supply position and suspending the plaintiff "until it is reestablished was wholly for the purpose of dismissing her as a nonresident". In affirming the decision of the lower court the Supreme Court said (p. 582):

"Even if a 'permanent supply teacher' be not embraced in the words 'teacher' or 'visiting teacher,' appellee clearly falls within the clause '. . . any regular full-time employee duly certified as a teacher,' and her contract is therefore protected by the provisions of the Tenure Act."

We regard this as obiter dicta and not decisive of the question here presented. On this feature of the case we reiterate our views as expressed in Pisano v. The School District of the Township of Pittston, 36 Luz. Leg. Reg. 17, as follows:

"It would seem that in construing the language 'any regular full-time employe of a school district who is duly certified as a teacher' regard should be had to the fact that these words follow a particular enumeration. 'Any regular full-time employe' might well be interpreted as any other full-time employe engaged in positions similar to those previously enumerated. Golien v. Susquehanna Coal Co., 15 Luzerne, 491, affirmed, on appeal, 54 [Pa.] Superior 299, 303; Derk et al. v. Zerbe Township, 322 Pa. 350. Frederick's Estate, 333 Pa. 327, 331.

"The doctrine of *'ejusdem generis'* is a major rule of construction generally followed except where it will defeat or hinder the plain purpose of the Legislature. City of Philadelphia v. Standard Oil Co. of Penna., 12 Fed. Supp. 647, at page 649.

"In Derk et al. v. Zerbe Township, *supra*, it is said:

" 'Instances in which this rule has been applied are Butler's Appeal, 73 Pa. 448 (involving the construction of the words "or other places of business or amusement") ; Black v. Pittsburgh, 230 Pa. 312, 79 Atl. 569 ("or other municipal district") ; Burns v. Coyne, 294 Pa. 512, 144 Atl. 667 ("or other creditors"). In all of these cases we held the general expressions quoted were restricted to things and persons similar to those specifically enumerated in the preceding language of the particular statute. This question is discussed at length in Lewis's Sutherland on Statutory Construction (2d ed.) volume 2, page 814; Hardcastle's Construction and Effect of Statutory Law, page 199; Endlich's Interpretation of Statutes, chapter 14, page 554; Black on Interpretation of Laws, page 203; 25 R. C. L. 966, and 59 C. J. 981.' "

The fact that the legislature, in defining professional employes, expressly included school secretaries, "the selection of whom is on the basis of merit as determined by eligibility lists", and "school nurses who are certified as teachers" is not to be disregarded, as such fact clearly emphasizes a legislative purpose not to extend the protection of the act to employes of different classes than those specifically enumerated, and is, in itself, a persuasive reason for the application of the doctrine of "ejusdem generis."

This well-known rule of statutory construction was not discussed in Jones v. Kulpmont Borough School District, supra. To follow it in the instant case will carry out, and not defeat, the plain purpose of the legislature as expressed in Teachers' Tenure Act Cases, supra, Walker's Appeal, supra, and Ehret v. Kulpmont Borough School District, supra. To ignore it will result in placing a construction upon the act that will carry it far beyond the basic purpose which the legislature had in mind.

Exceptions are sustained and judgment entered for defendant.