## Sommer et al. *v*. Blacka, Appellant.

Argued October 1, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Raymond A. White, Jr.,* for appellant.

*Hyman Zuckerman,* with him *Hirschwald, Goff & Rubin,* for appellees.

OPINION BY KENWORTHEY, J., December 9, 1943:

Defendant in this right-angle collision case appeals from the refusal of his motion for judgment n.o.v. made on the ground plaintiff[1] was contributorily negligent as a matter of law.

The intersection of Germantown and Hunting Park Avenues, where this accident occurred, is controlled by a traffic light. Germantown Avenue is 30 feet wide, Hunting Park 60 feet with 20 feet sidewalks. Both are two-way streets.

The evidence and inferences favorable to plaintiff disclose that on November 2, 1940, at 3:30 A.M., he was driving his Dodge Sedan south on the west side of Germantown Avenue. It was raining and the streets were wet. At the house line he noticed the traffic light change from amber to green. When he reached the north curb line of Hunting Park Avenue, proceeding at a rate of 15 miles per hour, he looked to his left [east] and saw nothing for a distance of some 50 to 60 feet. His vision was obstructed beyond that point by an incline or hump in Hunting Park Avenue occasioned by a railroad right-of-way beneath the street. Without looking to his left again, he continued to cross the intersection. Just as he reached the center of Hunting Park Avenue, defendant, driving west in the north cartway of Hunting Park Avenue, passed the red light and ran into the left rear of plaintiff's car. Plaintiff

---

[1] Joined with the individual plaintiff was the Casualty Co. which insured him for damages to his automobile.

did not see defendant approaching until the collision.

Blind reliance on a favorable traffic signal is fatal to recovery. *Byrne v. Schultz,* 306 Pa. 427, 160 A. 125; *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 154 A. 805. But to look and to see nothing of danger is not blind reliance. *Graff v. Scott Bros., Inc.,* 315 Pa. 262, 266, 172 A. 659. A motorist need not anticipate that after he is committed to the crossing another will travel 50 to 60 feet to the intersection, pass a red light and run into him. *Harris v. Moran,* 121 Pa. Superior Ct. 16, 182 A. 660. Moreover, since plaintiff was crossing a two-way street, he had a duty to look to his right as he approached the middle (*Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 30 A. (2d) 172) ; even without the additional protection of the signal the failure to continue to look to the left, having looked at the curb line, is not contributory negligence as matter of law. *Lewis v. Hermann,* 112 Pa. Superior Ct. 338, 342, 171 A. 109; *Lockhead v. Nierenberg,* 143 Pa. Superior Ct. 507, 511, 18 A. (2d) 472.

Plaintiff's contributory negligence was clearly for the jury.

Judgments affirmed.