## Clark *v.* The Philadelphia Housing Authority et al., Appellants.

Argued September 30, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Michael A. Foley,* for appellants.

*Frank J. Eustace, Jr.,* with him *Francis M. McAdams* and *McAdams & Eustace,* for appellee.

PER CURIAM, November 12, 1947:

This action resulted from a right-angle collision of two motor vehicles at an intersection controlled by automatic traffic signals. On appeal from the judgment entered on a verdict for plaintiff, defendants contend that their motion for judgment n. o. v. should have been granted because of plaintiff's contributory negligence as a matter of law.

Reviewed in a light most favorable to the plaintiff, the evidence discloses that the accident occurred in the city of Philadelphia under the following circumstances: Washington Lane, running east and west, intersects Germantown Avenue, running north and south, approximately at right angles. Both are two-way streets; Germantown Avenue contains a double line of car tracks. Plaintiff was driving east on Washington Lane. As she approached Germantown Avenue, the traffic lights changed from amber to green for traffic on Washington Lane. When she reached the west house line of Germantown Avenue, plaintiff looked to her left and observed defendant's truck over 100 feet north on Germantown Avenue; it was slowly approaching the intersection. Plaintiff continued to look to her left until she reached the west curb line of Germantown Avenue, at which point

she looked to her right for possible northbound traffic on Germantown Avenue. When plaintiff again looked to her left defendant's truck was upon her. The truck struck plaintiff's car in the center and left rear, throwing plaintiff out on the pavement of the cartway. When struck, plaintiff's car was just about to clear the southbound rails of the trolley tracks on Germantown Avenue.

We think this is a plain case where plaintiff's contributory negligence could not be declared as a matter of law. Plaintiff was entitled to the protection afforded her by the fact she entered the intersection with the traffic lights in her favor. *Harris v. Moran,* 121 Pa. Superior Ct. 16, 18, 182 A. 660; *Pellegrini v. Coll,* 133 Pa. Superior Ct. 294, 299, 2 A. 2d 491.

Plaintiff was not guilty of blind reliance on the traffic signals. *Sommer et al. v. Blacka,* 153 Pa. Superior Ct. 643, 645, 34 A. 2d 830. She reached the intersection substantially in advance of the driver of the truck, who by law was required to yield the right of way; and she was not bound to anticipate his negligence. *Probka v. Polis,* 124 Pa. Superior Ct. 129, 188 A. 393; *Adams v. Gardiner,* 306 Pa. 576, 160 A. 589. Furthermore, plaintiff's car was approaching from the right of defendant's truck, and in this respect she also had the right of way.

Appellants raise a very narrow issue; they state that the evidence shows plaintiff looked to her left only at the west house line of Germantown Avenue, and did not look again until she was struck—that is, that plaintiff did not continue to look to her left until she reached the west curb line of Germantown Avenue. We cannot decide the issue of contributory negligence in favor of appellants' assertion, for, as previously shown, plaintiff is clearly entitled, under her evidence, to the inference that she looked to her left at the house line and continued to look until she reached the curb line. In crossing a two-way street, it was plaintiff's duty to look first to her left and then to her right. *Lewis v. Hermann,* 112 Pa. Superior Ct. 338, 171 A. 109.

The judgment of the court below is affirmed.