Radobersky *v.* Imperial Volunteer Fire Department, Appellant.

Argued March 27, 1951. Before DREW, C. J., STERN, JONES, BELL, LADNER and CHIDSEY, JJ.

*Bruce R. Martin,* with him *Dalzell, McFall, Pringle & Bredin,* for appellant.

*John E. Evans, Jr.,* with him *Joseph I. Lewis* and *Evans, Ivory & Evans,* for appellees.

OPINION BY MR. JUSTICE JONES, June 27, 1951:

Stephen Radobersky and his wife sued the Imperial Volunteer Fire Department, a corporation of the first class, resident in the village of Imperial, Allegheny County, for injuries suffered by them in a collision between a fire truck owned by the defendant and driven by one of its volunteer firemen and an automobile coupe owned and driven by the husband-plaintiff in which his wife was a passenger. Radobersky died shortly before the trial which was not had for some two and a half years after he had instituted the action. His death was suggested of record and his executrix substituted for him. The jury returned a verdict for the deceased husband's damages in a substantial sum and for the wife in a considerably lesser amount. The defendant filed motions for a new trial and for judgment n.o.v., both of which the court en banc refused.

These appeals are from the separate judgments entered on the verdict.

The collision happened about 6 p.m. in June in clear weather at the right-angled intersection of Rebecca Street and Swissvale Avenue in Wilkinsburg, Allegheny County, approximately thirty miles distant from Imperial. The fire company was on its return trip home from North Braddock where it had been that day with the truck participating in a firemen's parade. Traffic at the indicated intersection was regulated by lights. As the Radobersky car, which was travelling on Rebecca Street, reached Swissvale Avenue, the light turned green for Rebecca Street traffic and Radobersky started forward to cross Swissvale Avenue immediately preceded by another car. When he had crossed about three-fourths of the intersection, the fire truck of the defendant, travelling on Swissvale Avenue toward Rebecca Street at a rate of speed variously estimated up to fifty miles an hour, went through the red light and the collision ensued. The left front of the fire truck struck the right center of the coupe with great force, sending it the rest of the way across the intersection and up over the curb at the far corner, with the resultant injuries to the plaintiffs in suit. Radobersky had seen the truck approaching at some distance on Swissvale Avenue when he entered upon the crossing, but he thought it would be brought to a stop in obedience to the red light against it.

In support of the motion for judgment n.o.v. the defendant contends (1) that it is a municipal agency performing governmental functions and therefore immune from liability for the torts of its agents or servants, (2) that it is a public charity equally immune from tort liability and (3) that Radobersky was guilty of contributory negligence as a matter of law.

Considering first the last of the above-stated contentions, a green light does not, of course, give the

driver of an automobile *carte blanche* to proceed across an intersecting street without thought for the safety of himself or others when danger appears imminent: see *Zurcher v. Pittsburgh Railways Company*, 353 Pa. 212, 215, 44 A. 2d 581; and *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 502-503, 154 A. 805. But, in the present instance, the driver of the coupe had no reason to apprehend that the oncoming fire truck would not stop but would continue on in plain disobedience to the traffic signal against it. The truck must have been a considerable distance from the intersection when Radobersky started to drive across, judging from the truck's speed of fifty miles an hour and the fact that the coupe, proceeding slowly, was more than halfway across the intersection when the truck struck it amidship. Whether the driver of the coupe was guilty of contributory negligence was manifestly a question for the jury. The law prescribes no arbitrary standard of conduct applicable to the stated circumstances. In *Adams v. Gardiner*, 306 Pa. 576, 581-586, 160 A. 589, where the facts were quite similar to the present except that the defendant in the *Adams* case violated the plaintiff's statutory right of way while in the instant case it was a traffic light that gave the plaintiff a right of precedence, the question of the plaintiff's contributory negligence was for the jury. We there said,—"If it appeared to him [the plaintiff] that his car would reach the intersection first, as he said it so appeared and did, he had a right to assume that the defendant even though going at the rate of thirty or thirty-five miles an hour, would recognize plaintiff's superior right to the intersection and control the car as a considerate driver would under the circumstances, i.e., apply the brakes and slacken his speed." See also *Clark v. Philadelphia Housing Authority*, 161 Pa. Superior Ct. 542, 544, 55 A. 2d 435; and *Sommer v. Blacka*, 153 Pa. Superior Ct. 643, 645, 34 A. 2d 830.

As to the defendant's claims of immunity from liability for the torts of its servants, the learned court below conceded that the fire company was a charity (see *Fire Insurance Patrol v. Boyd,* 120 Pa. 624, 646-647, 15 A. 553; also *Humane Fire Company's Appeal,* 88 Pa. 389, 392; and *Bethlehem Borough v. Perseverance Fire Co.,* 81 Pa. 445, 457) and also an agency capable of performing a governmental function and, as such, was entitled to immunity from liability for torts committed by its servants while acting in furtherance of the defendant's corporate purpose to "engage in the prevention and control and extinguishment of fires in the town of Imperial, Pennsylvania, and in the surrounding vicinity." The court held, however, that such immunity from liability did not attend the fire company while it was returning from participation in a firemen's parade at a point beyond the territory of its corporate purpose and that, in such instance, the company was subject to the same liability with respect to its fire truck as applies to other motor vehicles while being operated upon a public highway. This holding was unquestionably correct.

In *Derk v. Zerbe Township,* 322 Pa. 350, 352, 185 A. 647, a boy passenger of an automobile sustained injuries from the automobile's being struck from the rear by the fire truck of a volunteer company in the course of a parade. An effort was made to hold the township liable in damages for the injuries under the Act of June 22, 1931, P. L. 751, Section 619 (75 PS §212), which provides that every municipality within the Commonwealth shall be jointly and severally liable with any member of a volunteer fire company for any damage caused by the negligence of such member in the operation of a motor vehicle used by the volunteer fire company while going to, attending, or returning from a fire or while engaged in other proper use of such motor vehicle for such volunteer fire company. In

sustaining the judgment for the defendant township entered by the court below pursuant to an affidavit of defense raising questions of law, this court, speaking by Mr. Justice SCHAFFER, said "The uses which give rise to liability are those in connection with fires or related to fire service. The act designated 'going to, attending, or returning from a fire' as a proper use of a motor vehicle used by or belonging to a volunteer fire company and adds to this as further fixing liability any other proper use,' that is to say, a use connected with fire duty or service. Use in a parade has nothing to do with the use for which the fire apparatus was intended and obviously is not a proper use in contemplation of the act." While the construction of a statute was involved in the *Derk* case, supra, the distinction there drawn is no less pertinent in determining the limits of the justifiable use of the defendant's fire truck for which it may claim immunity from liability for injury occasioned thereby. To grant the defendant immunity from liability under the circumstances of the instant case would be to extend the rule unwarrantedly in direct conflict with the modern tendency in general. Participation of fire trucks in a parade for the promotion of a fair or carnival designed to augment the funds of a fire company is not to be distinguished in principle from the productive use of a commercial building owned by a charity which was held liable in tort for injuries negligently inflicted in the operation of the building: see *Winnemore v. Philadelphia,* 18 Pa. Superior Ct. 625, 631.

The defendant's motion for judgment n.o.v. was properly denied.

In support of its motion for a new trial the defendant charges error in the lower court's rulings with respect to the damages recoverable by the executrix of the deceased plaintiff and also in the admission or rejection of certain evidence at trial.

The accident in suit occurred on June 7, 1947. The plaintiffs filed a single complaint on October 9, 1947, claiming therein damages for losses respectively suffered by them as a result of the alleged negligent operation of the fire truck at the time of the accident. The husband sought compensation for consequent injuries and disabilities alleged to be the cause of present and future pain and suffering, total and permanent disability which inflicted past and present loss of earnings and the complete loss of his earning power in the future, also past and future medical expenses, care and attention for himself and his wife and damage to his car. The wife sought compensation for injuries and disabilities alleged to be the cause of pain and suffering and total incapacitation that would extend into the future. The husband died on December 29, 1949. On January 30, 1950, the complaint was amended so as to allege the death of the husband as a result of the accident and to substitute the deceased's executrix as plaintiff under the survival provision of Sec. 35(a) of The Fiduciaries Act of June 7, 1917, P. L. 447, as amended, 20 PS Chap. 3, Appen. §771. The case went to trial on March 6, 1950, and resulted in the verdict for the separate plaintiffs as above stated. The amendment did not change the cause or form of action or alter the elements of damage for which recovery was sought. The averment that the husband's death resulted from the injuries he suffered merely rendered conclusive that the accident had irrefutably caused total loss of his earning power. With that effect added, the suit was still an action for personal injuries instituted in the lifetime of the injured person: see *Maher v. Philadelphia Traction Co.*, 181 Pa. 391, 398, 37 A. 571.

The appellant contends that the learned trial judge erred in permitting the jury to include in its verdict for the deceased husband's estate damages represent-

ing the present worth of the prospective loss of his gross earning power and argues that the rule of *Murray v. Philadelphia Transportation Company*, 359 Pa. 69, 73-74, 58 A. 2d 323, should have been followed and the loss limited accordingly to the claimant's *net* earning power from the date of his death, i.e., the loss of gross earning power diminished by the amount that he would have had to expend for his own maintenance had he not died. The instruction of the trial judge with respect to the measure of damages was in accord with the uniform rulings of this court in cases under the survival provision of Sec. 18 of the Act of April 15, 1851, P. L. 669 (now Sec. 35(a) of the Act of 1917, supra), from the time of its enactment to the present. The opinion in the *Murray* case does contain a dictum which might be thought to suggest that the loss of earning power (reducible to present worth) in the case of a plaintiff who dies after he has instituted suit for personal injuries but before trial should be the *net* loss as defined in the *Murray* case rather than the gross loss as reckoned in the decisions under the Act of 1851, supra. The *Murray* case did not overrule the line of decisions under Sec. 18 of the Act of 1851. The measure of damages as laid down in the *Murray* case was expressly limited in its applicability to "cases under the Survival Act of 1937 . . . ." Thus, a different rule as to damages obtains where the action is one which has survived the plaintiff's death by virtue of Sec. 18 of the Act of 1851 (now Sec. 35(a) of the Act of 1917, supra) and where the action is instituted by a deceased's personal representative, under the right conferred by the 1937 amendment (Sec. 35(b)) of the Act of 1917, supra, for damages to the deceased's estate due to his tortious injury resulting in death. The learned trial judge correctly instructed the jury as to the damages recoverable for the loss of the deceased's future earning power in accordance with the rule ap-

plicable to actions surviving under Sec. 35(a) of the Act of 1917.

The appellant complains of an item of damage which the learned trial judge permitted the jury to take into consideration by charging that "There is a funeral bill in the sum of $1139 which is to be considered if death was due to the accident, not otherwise." As support for this instruction, the appellee-executrix cites the Act of May 13, 1927, P. L. 992, 12 PS §1604, which provides that "Whenever any person or persons, who are authorized by law so to do, shall bring an action to recover damages for a death caused by unlawful violence or negligence of the defendant, the plaintiff may recover . . . the reasonable funeral expenses of the deceased, if plaintiff has paid or incurred such expenses." The inapplicability of this statutory provision is apparent. This suit is not "an action to recover damages for a death." It was instituted by the husband-plaintiff in his lifetime to recover damages for injuries to himself and, when he died, the suit was carried on by his personal representative to recover what the decedent himself could have recovered had he lived. Obviously, the expenses for his own funeral do not fall into the category of the damages allowable to him personally. The instruction was therefore error. The appellee suggests that, in such eventuality, "the verdict in Mr. Radobersky's case [be reduced] by the amount of the funeral bill", thus avoiding the necessity of a new trial. We think that is fair to the defendant and will so order.

The trial court's rulings on evidence whereof the appellant complains consists of the striking out of certain portions of the testimony of the defendant's medical expert, the refusal to strike out testimony of the plaintiff's medical expert and the rejection of the defendant's offer to prove certain facts designed to show that it was a charity. Only in one instance did the de-

fendant except to the striking out of testimony of its medical witness and any possible harm done thereby was at once corrected. Immediately after the exception was noted, the same question was asked and answered without objection. The testimony of the plaintiff's expert which the appellant moved to have stricken was interwoven with a hypothetical question put to the witness by plaintiff's counsel. The opinion for the court en banc refusing the defendant's motion for a new trial correctly and adequately disposes of the appellant's contention in this connection. The immateriality of the matter covered by the defendant's rejected offer of proof is evident in view of the fact that the defendant was not functioning in furtherance of its charitable purpose at the time of the accident.

The judgment at appeal No. 22 is affirmed.

The judgment at appeal No. 23 is reduced by the sum of $1139 and, as so reduced, is affirmed.