Chappell, Appellant, *v.* Pittsburgh and West Virginia Railway Company.

647

Argued October 7, 1960. Before Jones, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

648

Owen B. McManus, with him Brandt, Riester, Brandt & Malone, for appellants.

Bruce R. Martin, with him Howard K. Hilner, and Pringle, Bredin & Martin, for appellees.

OPINION BY MR. JUSTICE BOK, March 13, 1961:

The plaintiff's car halted at a stop sign in Oakdale, Allegheny County, and while waiting to move was struck violently in the rear by a runaway truck. He was injured and died ten months later. He began his action during his life, and upon his death before trial his widow was substituted for him on the record as administratrix. Thereafter, with leave of court, she amended the complaint by alleging that the negligence of the defendants caused the decedent's death and asked as damages the funeral expenses and costs of administration.

The trial judge charged the jury as follows: "In other words, what counsel is stating, instead of differentiating, if your verdict is in favor of the plaintiff, between the wife plaintiff and the Estate, return a

verdict in favor of the plaintiff considering every element that I have emphasized in the charge."

The court instructed the jury on the measure of damages as contemplated by both the Wrongful Death Act (§19 of the Act of April 15, 1851, P.L. 669, 12 PS §1601) and the Survival Act (§603 of the Fiduciaries Act of April 18, 1949, P.L. 512, 20 PS §320.603). This was error. Neither of those Acts is involved in this case. As already stated, the action was instituted by the injured person in his lifetime and his personal representative was substituted on the record for him following his death as provided for by §602 of the Fiduciaries Act of 1949, supra. The measure of damages recoverable in such an action is not the same as that applicable to suits under the Wrongful Death and Survival Acts. *Radobersky v. Imperial Volunteer Fire Dept.*, 368 Pa. 235, 81 A. 2d 865 (1951).

The jury found specially that the accident did not cause the deceased plaintiff's death. The court en banc refused the defendant railroad's motion for judgment n.o.v., but granted a new trial on the ground that the verdict for the period found by the jury was excessive, and limited it not only to damages but further restricted it to damages within the period between the accident and death. No question has been raised about liability. The plaintiff has appealed, her position being that she would like to keep the verdict as rendered but that if a new trial is to be granted it should not be limited except to damages generally.

The court en banc gave no reasons for granting a new trial other than that the spread between the special damages of $1389.84 and the verdict of $12,500 was too great and hence the verdict was excessive, but without reasons or sense of shock or conviction that the jury acted capriciously this is not enough:

*Elza v. Chovan,* 396 Pa. 112 (1959), 152 A. 2d 238; *James v. Ferguson,* 401 Pa. 92 (1960), 162 A. 2d 690. With the error in the charge quoted above, we think that the court en banc did not abuse its discretion in granting new process generally.

The order must be modified by striking out the restriction of damages to the period between the accident and death. There was conflicting medical testimony on the point of whether the accident caused the death, and we see no reason why the special finding of the first jury in this regard should be foisted upon the second. The question of excessiveness depends on the time during which damages should run and hence is interwoven closely with the nature and extent of the injuries. If the accident caused the death, the rule of myriad cases between *Radobersky v. Imperial Volunteer Fire Dept,,* supra (368 Pa. 235), and *Maher v. P. T. C.,* 181 Pa. 391 (1897), 37 A. 571, must be reflected in the charge and appropriate damages be considered as if death had not intervened. If, however, death results from a condition unconnected with the accident, attention must be given in the charge to the rule that, in such instance, the death ends the period of damages: *Mohler v. Worley,* 179 Pa. Superior Ct. 56 (1955), 116 A. 2d 342; *Polando v. Blue Ridge Tr. Co.,* 374 Pa. 485 (1953), 97 A. 2d 838; cf. footnote at page 647 in *Pezzulli v. D'Ambrosia,* 344 Pa. 643; and Restatement, Torts, §§924 and 926, with comment a, pp. 631, 644, and 645.

The causation of death is crucial, and since a new trial as to damages is justified, all questions concerning damages and their extent should be passed upon by the jury under the evidence to be adduced at the re-trial.

The order, as modified, is affirmed.