Alice C. TUCKER, Administratrix of the Estate of Louis R. Tucker, Deceased,

v.

CALMAR STEAMSHIP CORPORATION.

Civ. No. 20461.

United States District Court, D. Maryland.

March 21, 1973.

Joseph F. Lentz, Jr. and Monfred, Lentz & Hooper, Baltimore, Md., for plaintiff.

Donald L. Merriman and Merriman, Crowther & Merriman, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

This case is presently before this Court upon remand by the United States Court of Appeals for the Fourth Circuit "with directions to enter judgment for the plaintiff and to assess damages," Tucker v. Calmar Steamship Corp. v. Jarka Corp. of Baltimore, 457 F.2d 440, 446 (4th Cir. 1972).[1] Since the remand there has been an evidentiary hearing in this Court in which this Court concluded that contrary to Tucker's contentions, no post-remand settlement agreement was entered into by persons acting on behalf of Tucker and Calmar.[2] Accordingly, this Court set this case for trial on the damage issue. However, counsel for both sides have requested this Court, before it holds such trial, to express its views as to how Tucker's death,[3] which took place on September 18, 1971, six months before the Fourth Circuit's remand order was filed, and four months after this Court's original entry of judgment for Calmar, affects the determination of damages.

In Union Carbide Corporation v. Goett, 256 F.2d 449, 453 (4th Cir. 1958), Judge Thomsen of this Court, sitting by designation on the Fourth Circuit and writing for a panel comprised of himself, then Chief Judge Sobeloff and Judge Soper, in a case involving the death of an employee of a contractor engaged in sandblasting a barge in navigable waters within the State of West Virginia, wrote:

> * * * A cause of action for damages accrued prior to a decedent's death, whether based on unseaworthiness or on negligence, will survive if the applicable state statute so provides. * * *

In Yates v. Villain and Fassio E., 215 F.Supp. 573 (D.Md.1963), a ship sealer, who had been injured in navigable waters within the State of Maryland, died, almost 29 months after being so injured and about 16 months after institution of suit in this Court for his said injuries, from causes not related to the accident. Judge Northrop held that the administratrix of the decedent's estate could be substituted as party plaintiff for the decedent and that under Maryland law the decedent's cause of action did not abate but survived. That same principle applies herein since Tucker instituted the within proceeding for injuries sustained in the course of his employment in navigable waters within the State of Maryland.

The remaining question pertains to whether Tucker, who plaintiff concedes died from causes not related to the occurrences which form the basis of the within suit, is entitled to damages as if his death had not occurred prior to trial on the issue of damages. The answer to that question must be in the negative. Restatement (First) of Torts § 926 (1939); 25 C.J.S. Damages § 81, p. 902 (1966). The latter states:

> The fact that the injured person died subsequent to the rendition of

---

1. The remand order also directed this Court to "determine the merits of the ship-owner's claim to indemnity from the stevedoring company." 457 F.2d *supra* at 446. However, the parties have informed this Court that that claim has been settled. In fact, counsel have stated that the stevedore has taken over the defense of the case brought against the ship by Tucker.

2. That hearing took place on the record on December 1, 1972.

3. Tucker's administratrix (his wife) has been substituted as plaintiff pursuant to Federal Civil Rule 25(a)(1).

the verdict has been held not to affect the question of damages.[24]  Under

24. Pa.—Paul v. Atlantic Refining Co., 304 Pa. 360, 156 A. 94.[4]

other authority, if the accident caused the death, appropriate damages must be considered as if death had not intervened;[24.5] *but if death results*

24.5 Pa.—Chappell v. Pittsburgh & W. Va. Ry. Co., 402 Pa. 646, 168 A.2d 330.

*from a condition unconnected with the accident, death ends the period of damages,*[24.10] and where the injured

24.10 Pa.—Chappell v. Pittsburgh & W. Va. Ry. Co., supra.
   Mohler v. Worley, 179 Pa.Super. 56, 116 A.2d 342.
   Mohler v. Worley, Com.Pl., 47 Berks 25, affirmed 179 Pa.Super. 56, 116 A.2d 342.

person dies from other causes before judgment, the loss of earnings because of impaired earning capacity for the period of his life expectancy cannot enter into the award.[25]  [Emphasis

25. Mo.—Adelsberger v. Sheehy, 336 Mo. 497, 79 S.W.2d 109.
   17 C.J. p. 874 note 79[b].[5]

supplied.]

The former, *i. e.*, the Restatement, reads as follows:

§ 926.  WHERE EITHER PARTY DIES BEFORE OR PENDING TRIAL, ACTION NOT BEING BROUGHT FOR CAUSING DEATH.

The damages for a tort, not involving death for which the tortfeasor is responsible, are not affected by the death of either party before or during trial under statutes permitting the survival or revival of tort actions, except that

(a) the death of the injured person limits recovery for damages for loss of earnings, emotional distress, and all other harms, to harms suffered before such death, and

(b) the death of the tortfeasor terminates liability for punitive damages.

■■ The fundamental goal of tort recovery is compensation of the victim, *i. e.*, to put the victim, insofar as money damages may do so, in the position he would have been absent the tort. 2 Harper and James, The Law of Torts § 25.1, p. 1299 *et seq.* (1956); 25 C.J.S. Damages § 71, p. 836 (1966). On the other hand, the law will not put an injured party in a better position than he would have been in had the wrong not been done. 25 C.J.S. Damages § 71, p. 837–838 (1966).

■ If Tucker were alive today and the damage portion of the trial were to take place today, and if Tucker's health today were "normal" for his age, Tucker would be entitled to recover damages in the light of his actuarially computed life expectancy. If Tucker would have been today awarded damages on that basis, and if Tucker were to die tomorrow, it would tomorrow become clear that his estate or legatees had received a "windfall". Thus, had damages been assessed just prior to Tucker's death this case would have merely demonstrated the vagaries of predicting future events. But since Tucker has unfortunately died prior to trial of the damage issue [6], it is

4. *See also* Littman v. Bell Telephone Co., 315 Pa. 370, 378, 172 A. 687, 690 (1934).

5. In *Adelsberger*, "the judgment for Adelsberger, rendered in his lifetime, *was reversed.* Adelsberger had died, pending the appeal, *of causes for which Sheehy was not responsible.* In the action carried on by Adelsberger's administratrix, loss of earnings correctly could be recoverable only as measured to the time of Adelsberger's death." Coffman v. St. Louis-San Francisco Ry. Co., Mo., 378 S.W.2d 583, 595 (1964) (emphasis in original).

*See also* Rogers v. Thompson, 364 Mo. 605, 275 S.W.2d 282, 289 (1954).

6. Plaintiff seeks to distinguish this case because the issues of liability and damages were bifurcated. This Court's exercise of its discretionary authority to require such bifurcation was and is authorized by Federal Civil Rule 42(b). Tucker's death occurred before trial on the issue of damages. Accordingly, this case is not distinguishable from other cases in which plaintiff died before trial. *See e. g.*, Adelsberger v. Sheehy, *supra*.

hard to conceive how, under the guise of compensation, it can be suggested, as plaintiff contends, that a court should shut its eyes as to what has taken place and to determine damages as if Tucker were alive. If Tucker were alive and in poor health and that state of his health were unrelated to the accident which forms the basis of this suit, the fact finder would not be permitted to assess damages on the basis of his actuarial life expectancy as if he were in sound medical condition for his age. Just as his poor health could not under such circumstances be ignored, no more can his death be ignored in this case at this time.

The principles set forth herein will control in the forthcoming trial as to damages.